## HAINES ET AL. *v.* WEIRICK.

[No. 19,289.  Filed November 27, 1900.]

DEEDS.—*Life Estate.*—A condition in a deed of general warranty reserving to the grantors an estate for the life of each "with the absolute control of the said real estate, the same as if this conveyance had not been made, for and during the period of the natural life of the grantors," is not inconsistent with the grant in fee contained in the deed.  *pp. 549, 550.*

SAME.—*Consideration.*—*Death of Payee.*—Where by the terms of a deed the consideration was made payable to the grantor's grandson when he should arrive at the age of twenty-one years, and the grandson died before he was twenty-one years of age, his heirs at law were entitled to recover the amount at the time the deceased payee would have become of age had he lived.  *pp. 550-552.*

From the Kosciusko Circuit Court.  *Reversed.*

*Summy & Summy* and *S. J. North,* for appellants.

*L. W. Royse, Bertram Shane* and *J. W. Cook,* for appellee.

DOWLING, C. J.—This case was transferred to this court by the order of the Appellate Court. The suit is for the recovery of a part of the consideration for the conveyance of a tract of land, and is prosecuted by the heirs at law of the deceased payee against the grantee named in the deed. A demurrer to the complaint was sustained, and judgment followed. The error assigned calls in question the ruling on the demurrer.

The facts stated in the complaint are these: December 2, 1885, Henry Weirick and his wife, Elizabeth, executed to the appellee, William H. Weirick, a deed of general warranty for eighty acres of land, situated in Kosciusko county,

Indiana, reserving to the grantors an estate for the life of each, in said lands; the consideration expressed in the deed was $1, and that the grantee should pay to Ora F. Haines, the grandson of the grantor, $500, without interest until it should become due, when the said Ora F. should arrive at the age of twenty-one years; a lien to secure such payment being retained in the deed. The grantee accepted the deed, and caused it to be placed upon record. One of the grantors, Henry Weirick, died September 18, 1887, and the said Ora F. Haines died February 25, 1891, not having arrived at the age of twenty-one years. The latter left surviving him as his sole heirs at law his father, Robert Haines, and the other appellants herein, who were his half-brothers and sisters. It is averred that all the debts of the said Ora F. have been paid, and that no administration on his estate is necessary; that the said Ora F., had he lived, would have become twenty-one years old August 16, 1897; that said sum of $500 is now due, and payable to the appellants, as the heirs of the said Ora F., and that the appellee, although requested, refuses to pay the same. Prayer for judgment for the $500, with interest from August 16, 1897, and for the foreclosure of the lien reserved in the deed.

It is contended on behalf of the appellee that the reservation of the life estate "with the absolute control of the said real estate, the same as if this conveyance had not been made, for and during the period of the natural life of the grantors, and of each of them," is inconsistent with the grant contained in the instrument, and operates to defeat it. We think otherwise. The deed conveys a fee to the grantee, subject to a life estate in the grantors. During the existence of the life estate, the grantors could consistently, with the grant of a remainder in fee, continue to exercise absolute control over the land to the same extent as if the deed had not been made. Such control, so reserved in the deed, related to the use, enjoyment, and management of the

land, and cannot be understood to authorize the life tenants to impair or destroy the title of the grantee and remainderman by another conveyance. Besides, if it were true that the reservation contained in the deed was inconsistent with the estate thereby granted, such reservation would probably be void. 5 Am. & Eng. Ency. of Law (1st ed.) 456; 1 Shep. Touch. 79.

It is next argued that the $500 was payable to Ora F. on the condition that he should live until he became twenty-one years old, and that the contingency on which it was to become due and payable having failed by his death, the grantee is not liable to pay it at all. *Cravens* v. *Eagle Cotton Mills,* 120 Ind. 6, 16 Am. St. 298; *Olds Wagon Works* v. *Coombs,* 124 Ind. 62; *Henry* v. *Thomas, Ex.,* 118 Ind. 23; 2 Rand. on Com. Paper, §113, p. 153; *Marsh* v. *Wheeler,* 2 Edwards 155; *Harris* v. *Fly,* 7 Paige, 421; *Delavergne* v. *Dean,* 45 How. 206; *Knight* v. *Pottgeiser,* 176.Ill. 368, 52 N. E. 934; *Scofield* v. *Olcott,* 120 Ill. 362, 11 N. E. 351; *Carper* v. *Crowl,* 149 Ill. 465, 36 N. E. 1040; and *Heilman* v. *Heilman,* 129 Ind. 59, are cited in support of this view.

The case is governed by the rules stated in *Goss* v. *Nelson,* 1 Burr. 226. In that case, the question depended entirely upon the validity of a promissory note given to an infant payable "when he (the infant) shall come of age", and specifying the time when that was to be, viz., 12th of June, 1750. It was insisted, on behalf of the defendant, that the notes set forth in the declaration were not notes for the benefit of trade; nor was the money made certainly payable. The note was given to the plaintiff thirteen years before the time when he was to come of age; and it was not at all certain that he would live to attain that age. In order to have the effect of a promissory note within the statute, it ought to be a cash note and payable at all events. In deciding the case, Lord Mansfield said: "It would have been clearly good, if it had been made payable on the 12th of

June, 1750; (that is to say, on a day certain;) without mentioning the plaintiff's being then to come of age; and surely it is not the less certain, for adding that circumstance. Legacies are of a different nature; and they are determined by different rules. They are directions to the executor to pay; and in legacies there is a known distinction between the time being annexed to the substance of the gift, or to the payment. If complete words of gift direct the executor to pay, the other words only fix the time of such payment; and then the legacy vests, and is transmissible, though the legatee should die before the day of payment; as a legacy given, 'to be paid at twenty-one.' But if the time is annexed to the substance of the gift, as a legacy 'if,' or, 'when' he shall attain twenty-one, it will not vest before that contingency happens. But here, the words of engagement make the debt; and 'tis no direction to another person. The former part of the note is a promise to pay the money; and the rest is only fixing the particular time when it is to be paid. It is enough if it be certainly and at all events payable at that time, whether he lives till then, or dies in the interim. Therefore, it is a good note, within this remedial statute."

Denison J., concurring said: "Here is no condition or uncertainty; but it is to be paid certainly, and at all events; only the time of payment is postponed."

Foster, J., concurring said: "A legacy may be given upon any terms. But upon a promissory note, the time of payment is only for the benefit of the debtor. Here, the time of payment is certainly fixed; and the particular day specified for payment of the money, being mentioned to be the day on which the infant is to come of age, makes no difference from what it would have been, if that circumstance had been omitted."

"And they all agreed that that this was *debitum in praesenti*, though *solvendum in futuro.*"

The consideration for the conveyance of the land was the

payment of the $500 by appellee. The grantor had the right to say to whom that consideration should be paid. Acceptance of the deed by the grantee created a debt *in praesenti,* and rendered him liable to pay the $500 agreeably to the terms of the instrument. *Leach* v. *Rains,* 149 Ind. 152.

The postponement of the time of payment was not conditional on Ora F. attaining the age of twenty-one years, but was to be made whether Ora F. lived or died. The date at which Ora F. would become of age simply fixed the limit of the credit. The time when the $500 would become due was as certainly stated and as definitely ascertained as if August 16, 1897, had been inserted. Unless the appellee is liable to pay that sum to the heirs of Ora F., he will get the land for nothing. It cannot be said that the grantor contemplated such a result.

Judgment reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.