## Cox v. Humphrey, et al.

(Decided June 21, 1911.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Deed—Constructions.—M. and wife conveyed certain property to a trustee to hold the same for their daughter during her life, and then directed that upon the death of their daughter, the trustee should convey the property and accumulations to their daughter's children. Later on the deed contains the following provision: "And if Julia Churchill and Mary Moss Churchill, daughters of said Mary, be living at the death of their mother, their respective portions of said estate shall be conveyed to them for and during their natural lives for their sole and separate use and to their heirs forever." Held, that the sole purpose of the language employed was to create in their grand-daughter's a separate estate free from the control of their husband's during their lives and that the grand-daughters acquired a fee simple, it being apparent that the words "their heirs forever," are words of inheritance, descriptive of the inheritable character of the estate rather than the persons to take.

GIBSON, MARSHALL & GIBSON for appellant.

HUMPHREY & HUMPHREY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

During the present year Mrs. Mary Moss Churchill Humphrey entered into a contract with W. N. Cox by

which she agreed to lease to him for a period of ninety-nine years a lot of ground on the southwest corner of Center and Jefferson streets in the city of Louisville, fronting 52 1-2 feet on Jefferson street and extending back for the same width a distance of 85 feet. Appellant Cox refused to comply with the contract, on the ground that Mrs. Humphrey's title to the land was not such as to enable her to lease it for as long a period as ninety-nine years. Thereupon Mrs. Humphrey and her husband, Alexander P. Humphrey, brought this action against appellant, Cox, for the purpose of having the character of Mrs. Humphrey's estate determined. To this action Mr. and Mrs. Humphrey's children were made parties defendant. The case is an agreed one, and the facts are admitted.

Mrs. Humphrey's title was acquired in the following manner: On March 22, 1852, John McKinley and his wife, Elizabeth McKinley, conveyed the property in question, together with a number of other tracts of land, situated in the city of Louisville, to Andrew McKinley, in trust, to hold the same for Mary Churchill, the mother of Mrs. Mary Moss Churchill Humphrey, during her life time and after her death to be disposed of as follows:

"At the death of said Mary Churchill, should her children, or any of them be of full age, said Andrew shall convey to such child or children being of full age, his or her equal portion of all the property herein conveyed, including an equal portion of such as may be acquired by the trustee by the accumulation of the trust estate, and if the said Mary should die before any of her children arrive at full age, the said Andrew shall retain the possession and control of the trust estate and apply the rents accruing therefrom as hereinabove directed, until the children of the said Mary shall respectively attain their majority, when he shall convey to them their respective and equal portions of said estate as hereinabove directed. And if Julia Churchill and Mary Moss Churchill, daughter of said Mary, be living at the time of the death of their mother, their respective portions of said estate shall be conveyed to them for and during their natural lives for their sole and separate use, and to their heirs forever."

At the date of this conveyance, Mary Churchill was married to Alexander P. Churchill, and had four chil-

dren, two sons and two daughters, to-wit: Alexander Andrew Churchill, Henry Churchill, Julia Churchill and Mary Moss Churchill. After the execution of the conveyance referred to, and before the death of either Alexander P. Churchil or Mary, his wife, Alexander and Henry Churchill died, during infancy, unmarried, and without issue, and their portion of the estate, being one-half thereof, ascended to their father and mother, both of whom afterwards died, intestate. The half interest so derived by them from Alexander and Henry Churchill, descended in fee to Julia Churchill, who intermarried with D. A. January, and Mary Moss Churchill, who as before stated, intermarried with Alexander P. Humphrey. Afterwards, by a proceeding in the Louisville Chancery Court, the property in controversy, together with other property, was conveyed by the commissioner of that court to Mrs. Mary Moss Churchill Humphrey in the terms of the original deed from John McKinley to Andrew McKinley.

Upon submission of the case the chancellor adjudged that Mrs. Mary Moss Churchill Humphrey took a fee simple title in the property in controversy. From that judgment Cox appeals.

It will be observed that, by the clause of the deed before us for interpretation, the grantors therein directed that the property embraced in the deed, as well as any property acquired by the accumulation of the trust estate, be conveyed, after the death of Mrs. Mary Churchill, to her children, in equal portions, upon their attaining their majorities. Then follows the provision, "And if Julia Churchill and Mary Moss Churchill, daughters of said Mary, be living at the time of the death of their mother, their respective portions of said estate shall be conveyed to them for and during their natural lives for their sole and separate use, and to their heirs forever." It is the duty of courts to construe a deed so as to give effect to each part thereof; and where there is an apparent conflict between two provisions and one interpretation will make the provisions entirely inconsistent, but another will harmonize the two provisions, the court should adopt the latter, if it can be done without doing violence to the language employed. Here we have a case where, in the first part of the clause, the property is directed to be conveyed absolutely, and in the second part that portion given to Mrs. Churchill's daughters is to be conveyed to them "during their natural lives for

their sole and separate use, and to their heirs forever.''
Following the rule above announced, if an interpreta-
tion can be placed upon the latter part of the clause con-
sistent with the first part, that construction should be
adopted.  Under the law in force at the time the con-
veyance was made, it was necessary, in order to deprive
the husband of the control of his wife's real property,
to use words, in the conveyance to her, indicating that
her interest was to be a separate estate. When we take
into consideration the fact that the whole deed manifests
a purpose on the part of the grantors to place their
grandchildren on a plane of equality, rather than to
give to their grandsons a fee simple estate, and to their
granddaughters only a life estate, we conclude that the
sole purpose of the grantors, by the employment of the
language referred to, was to create in their grand-
daughters a separate estate free from the control of
their husbands, and that the words ''their heirs forever''
are words of inheritance, descriptive of the inheritable
character of the estate, rather than the persons to take.

In other words, the grantors intended that their grand-
daughters should be protected in the enjoyment of their
property by providing that, during their lives, it should
be held as their separate estate, and did not mean to
limit their interest therein merely to an estate for life.
We are, therefore, of the opinion that Mrs. Humphrey
owns in fee simple the property in controversy.

Judgment affirmed.