## Landis v. McCreary & Company.

(Decided December 1, 1915.)

### Appeal from Bourbon Circuit Court.

Appeal and Error—Finding of Chancellor—Weight Given.—The findings of the chancellor, as to questions of fact in an equity action, will not upon appeal be given the same weight which is given to the findings of a properly instructed jury in an ordinary action, and this court will examine the evidence and determine the questions according to the right of the matter, but where the evidence is conflicting, some weight will be given to the findings of the chancellor, and, if upon the whole case the mind is left in doubt as to what the truth is, the chancellor's judgment will not be disturbed.

TALBOTT & WHITLEY for appellant.

E. M. DICKSON, J. PIKE POWERS, JR., and POWERS & THORNBURGH for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This was a suit in the Bourbon Circuit Court brought by the appellees, McCreary & Co., a partnership, at Knoxville, Tennessee, against the appellant, E. E. Landis, in which the appellees sought to recover of the appellant the sum of $4,629.53, the alleged value of twenty-one mules and other items composing the outfit of a contractor for building roads, and the value of the use of the outfit from December 9th, 1911, until June 15th, 1912. The appellees claimed, in their petition in equity, that the outfit had been put into the possession of the appellant under an agreement that he was to take it to Granger county, Tennessee, from Jefferson county, in the same state, where the parties then were, and as soon as the appellant could get the outfit to work upon a contract, which he had in the first named place, he would come to Knoxville and there purchase the outfit and secure the payment of its price to be then agreed upon, or else the parties would agree upon and enter into a contract by which appellant would pay to appellees a fair price for the use of the outfit while in his use and possession, and that appellant did neither of these things, but in June of the following year converted the outfit to his own use, and moved same out of the state of Tennessee into Kentucky, without the knowledge or consent of the appellees.

By an answer and counter-claim, the appellant traversed the allegations of the petition and further alleged that at the time it was claimed by appellees that the outfit was delivered to him to be carried to Granger county, that the appellees sold the outfit to him and that he purchased the same; that at said time the appellees owed him upon account, for services performed by him as superintendent for appellees and for money and property furnished them; that the price agreed upon for the outfit was $2,923.65, and that he paid for the outfit by an agreement with the appellees to give them a credit by the agreed price for the outfit upon the account which they owed him, which left a balance due him from them upon the account and that appellees had since paid to him the sum of $150.00, which, after deducting other credits, left unpaid of the account the sum of $529.23, which he prayed judgment for against appellees. The affirmative averments of the answer and counter-claim were denied by a reply.

A large amount of evidence was taken, which was exceedingly contradictory and conflicting upon all the material issues in the case. The chief element of the account, which appellant claimed that appellees owed to him, was the salary which appellees owed him for his services as their superintendent for two years and three months of time, previous to December 11th, 1911. Appellant claimed that they had agreed to pay him the sum of $150.00 per month, while the appellees claim that it was only $75.00 per month which he was to be paid, the difference between their contentions, as to the amount of the salary, being $2,025. The appellees claimed that at the time the contractor's outfit was turned over to appellant to be taken to Granger county, that it was worth the sum of $3,954.78, while appellant claimed that at that time he bought it for $2,923.65. The case being submitted for trial and judgment upon the pleadings and proof, the chancellor held that there never had been a contract between appellant and appellees as to the amount of his salary, but that he was entitled to such salary as his services were reasonably worth, which the court fixed at the sum of $100 per month. This had the effect of reducing the account of appellant against the appellees in the sum of $1,366.66. It was, further, held that no sale had been made of the outfit by appellees to appellant, but that at the time he took it to

Granger county it was worth only $3,136.03, instead of $3,954.78, as claimed by appellees. The court, also, held that the reasonable value of the use of the outfit from December 11th, 1911, until May 22nd, 1912, when it was adjudged that appellant had converted the property to his own use, was the sum of $600.00. Deducting from the amount of the account which appellant claimed the appellees owed him and which was $5,472.44, the sum of $1,366.66, the amount of salary he had charged against appellees in excess of $100 per month, and $2,028, which he admitted should be credited upon the account for money and other items furnished him by appellees, left the amount which appellees owed him, the sum of $2,077.78. Adding the $600, which the court adjudged the appellant owed for the use of the outfit, to the $3,136.03, which was found to be the value of the outfit upon its conversion, made a total sum of $3,736.03, which appellant owed the appellees, and when credited by the sum which appellees owed the appellant, left the sum of $1,658.25, for which the court rendered a judgment in favor of appellees, with interest from the date of the filing of their suit. Appellant excepted to the judgment, and now appeals to this court.

It is not claimed that the circuit court, in the disposition of the case, failed to apply the correct legal principles to the facts of the case, as the court found them to be. While the parties upon each side have exhaustively briefed the case as to the facts which the evidence tends to establish, no principle of law nor adjudication of any court is cited or appealed to. The grounds for reversal which are relied upon are, that the court erred in its judgment as to the facts of the case, and erroneously found as a matter of fact, (1) that the salary to which appellant was entitled was $100 per month, instead of $150 per month, as claimed by him; and (2) that there was no sale of the outfit by the appellees to appellant at any price, and its value was $3,136.03, instead of a sale, at the price of $2,923.65. The findings of the court below, as to these two matters of controversy, were the determination of pure questions of fact, to be arrived at from weighing the testimony. There is no uncertainty as to the chancellor's conclusions in regard to the issues made upon these two matters. The judgment expressly deals with them, and sets out the chancellor's finding with regard to them. As to the first

finding complained of, the evidence strongly supports the finding of the chancellor. While the appellant says that he had been engaged for ten years before his employment by appellees as a superintendent of railroad construction at $150 per month, at the time of his employment by appellees, he was only earning $75.00 per month, and was engaged in Florida. He testified that McCreary agreed to pay him $150 per month. McCreary denied this and said that he only agreed to pay $75 per month, but would raise the wage, if the work would justify it. Young, the bookkeeper in the construction camp, testified that appellant told him that the contract was as stated by McCreary, but directed him to charge his salary upon the books at $125 per month. This book was not produced. Appellant swears that he sent it, in a box with other books, to appellee's office in Knoxville. Appellees testified that if it was received there they never saw it. Appellant swears and proves by a sister-in-law that at the end of his first year's service that he had a copy of his account, upon which his salary was charged at $150 per month, made out and sent by mail to appellees at their office in Knoxville, but they state that they never received any such copy, and never heard that appellant claimed his salary to be $150 per month, until the filing of his answer and counter-claim. Appellant proves by one Campbell that appellees said that appellant's salary was $1,800 per year, but they deny this. Proof was made by contractors, who were engaged in making roads in East Tennessee, that the salary paid to a superintendent, doing the same work as appellant, was from $75 to $100 per month. Proof was made by other contractors that the services as a superintendent were worth $150 to $250 per month, but this was in railroad construction. When this issue was decided adversely to appellant, it in effect had the result of deciding the second finding complained of adversely to him, because when his salary is calculated at $100 per month, his account against appellees lacked nearly $1,000 of being enough to pay for the outfit, at the price which appellant claims was agreed upon. However, without setting out the proof pertaining to whether or not a sale of the outfit was made to appellant, it is very contradictory and unsatisfactory, and a careful perusal of it has the effect to leave the mind in doubt as to the truth of the matter. While in a cause in equity

the finding of the chancellor as to the questions of fact will not be given the weight that is given to the finding of a properly instructed jury in an ordinary action, but this court will examine the evidence and determine the questions of controversy according to the right of the matter, but where the evidence is conflicting, some weight will be given to the finding of the chancellor, and if on the whole case the mind is left in doubt as to what the truth is, the chancellor's judgment will not be disturbed. Bank of Campbellsburg v. Minor, 30 R., 496; Akers v. Akers, 31 R., 36; Quigley v. Beam's Admr., 137 Ky., 325; Flowers, et al., v. Moorman & Hill, 27 R., 728; Campbell v. Trosper, 108 Ky., 602; Paine v. Levy, 142 Ky., 619; Bank v. Stapp, 97 Ky., 432; Byassee v. Evans, 143 Ky., 415; Boli v. Irwin, 21 R., 366; Stephens v. Dickinson, 19 R., 1223. Upon the whole case the judgment does not appear to be contrary to the testimony.

The judgment is, therefore, affirmed.