## Menefee v. Sleet.

### (Decided June 5, 1917.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

Wills—Construction of—Separate Estate—Fee Simple.—Where a testator devised one-third of his estate to his wife absolutely and the other two-thirds to his two children, with the direction that the estate devised to his children should be held in trust for his son until he reached the age of twenty-one and that devised to his daughter should be held as her separate estate for her support and maintenance as long as she lived, free from the control, contracts or debts of any husband she might have,

the daughter took a fee simple title in her share of the estate when she reached the age of twenty-one. There was no devise over, and the only purpose of the testator was to save the estate of his daughter free from the control, contracts or debts of her husband.

B. F. MENEFEE for appellant.

TOMLIN & VEST for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1881 Dr. W. W. Henderson made and published his last will, which, upon his death shortly afterward, was duly probated. He left surviving him his widow and two infant children, Jessie B., a daughter, and George, a son.

In the first clause of his will he provided that "After the payment of my debts and the special devises that may be hereinafter mentioned, I desire and direct that my entire estate, subject to the conditions &c hereinafter stated, shall go one-third part thereof to my wife absolutely to her, and the other two-thirds thereof to my two children, Jessie B. Henderson and George Henderson, or the survivor of them at the time of the making of the division of my said estate, subject &c to the conditions &c hereinafter stated."

In the second clause he directed that a division of his estate should be made by his executor and executrix within five years after his death. In the third clause he provided that if either of his children should be dead when the division was made, or if either of them should die without lawful issue before the age of twenty-one, then his or her one-third share should go to the survivor, and if both should die before attaining the age of twenty-one without lawful issue, then the estate should go to his heirs at law under the statute of descent and distribution.

In the fourth clause he provided that "My executor and executrix are to hold the estate as aforesaid, going to my children as trustees in trust for my son's part until he is 21 years of age, if he should live so long; and for my daughter, her part, as separate estate, to be as such so long as she lives, for her support and maintenance, and which the profits thereof are to be free from the control of any husband she may have, and not in any way subject to his contracts or debts. All of my estate devised to my daughter is to go and be as separate estate."

In another clause he appointed his wife and Hayden Kendall as executrix and executor. It appears that Hayden Kendall did not qualify, but that his wife did.

Thereafter, a suit was brought, all proper parties being before the court, in which, by the judgment of the court, there was set apart to the widow, as trustee, and the two children a farm of 345 acres in Kenton county. Mrs. Henderson, the widow, continued to act as trustee until her death in 1894, and after her death her sister, Georgie B. Bright, was appointed executrix and also trustee, and qualified as such.

In 1899 Georgie B. Bright, as trustee, and Jessie Henderson Colville and her husband, and George Henderson, who was an unmarried man, executed a deed to one George W. Sleet for this tract of land, and thereafter Sleet sold by title bond to W. C. Menefee, the appellant, a part of this land. Menefee refused to take his title, and this friendly suit was brought for the purpose of determining whether or not Sleet could make a good title. Whether he could or not depends on the proper construction of the will of Dr. Henderson.

Sleet contends that under the will, and after the death of their mother, who devised to her children her one-third interest in the land, the children, upon their arrival at the age of twenty-one, came into possession of the fee simple title to the two-thirds interest in the land devised to them by Dr. Henderson under the will; while Menefee contends that under the will the daughter, Mrs. Colville, took her one-third interest in the land received under the will of her father impressed with a trust during her life, and therefore this one-third interest could not be sold, even with the consent of the trustee; or, in other words, that the daughter took only a life estate in that part of the land received under the will of her father.

Applying to the will of Dr. Henderson the cardinal principle adopted in the construction of wills, it is, we think, quite clear that his intention was to vest both of his children with the fee simple title in their respective shares of his estate when they arrived at the age of twenty-one. By the first clause of the will there was an absolute devise to the widow and children, subject to the condition set forth in the fourth clause, and by this clause the son's share was to be held by a trustee until he became twenty-one, and as to the share of his daughter it was the purpose of the testator that it should continue to be her separate estate as long as she lived, free from

the control, contracts, or debts of her husband. He wanted her to have this land as her own, for her support and maintenance.

The purpose of the testator not to limit the share of his daughter to a life estate is made plain by the fact that there is no devise over. What he intended to do was to save it for her support and maintenance and to prevent it from being subjected to the control of any husband she might have. He used the words "separate estate" because at the time of the execution of the will separate estates in married women were commonly in use in this state, and under the law at that time in force a devise of real property to a woman to be held as her separate estate accomplished the same purpose as if it were given to her absolutely, but with the provision that it should not be subject to the control of or debts of her husband.

If he had intended to give his daughter only a life estate, he would have said so and would further have made some disposition of the estate after her death, but he did neither the one nor the other. He wanted his children to share equally in his estate, not only as to quantity, but as to title, and to place them in full possession when they each arrived at the age of twenty-one. The only difference he made between them was that the trusteeship for the son should end when he arrived at twenty-one years of age, while the trusteeship for the daughter continued as long as she lived; but the trustee had no duties to perform in connection with the estate, and there was no limitation put on the sale of it if the trustee joined in the conveyance, as the trustee in this case did. Cox v. Humphrey, 144 Ky. 393.

Wherefore, the judgment holding that under the will the daughter, Mrs. Colville, took the fee in the land and could convey the same by a good title, is affirmed.