## Allen v. Henson.

(Decided December 12, 1919.)

### Appeal from Casey Circuit Court.

1. Deeds — Construction — Intention of Parties.—The rule uniformly adhered to in the construction of a deed, is, that it should be so construed as to effectuate the intentions of the parties to it, as manifested by the language used.

2. Deeds—Reservation in Favor of One Not Party.—A uniform rule, is, that a reservation in a deed in favor of one, who is not a party to the deed, does not have the effect of creating title to the thing reserved, in the stranger.

3. Deeds—Reservations—Validity.—A reservation in a deed to be valid, must be in favor of the grantor, except, where the title to the thing reserved, is already in the one for whose benefit the reservation is made.

4. Deeds—Reservation in Favor of Public.—Where the reservation in a deed is in favor of the public, as the use of a street or road, which is not then in existence, it has been sometimes held, that the reservation is an exception, and the grantor has retained the right to dedicate the use of the road or street to the public.

5. Deeds—Reservation in Defined.—A reservation in a deed is generally defined to be some new thing, which in contemplation of law, did not exist before, but which issues out of, or is incident to the thing granted, and which the grantor has created for himself; while an exception, is a clause, which excepts, from the operation of the deed, some part of the thing granted, which otherwise would have passed under the deed, and the title to which remains in the grantor and will pass to his heirs.

6. Deeds—Words and Phrases.—Although the technical words "reserve" and "except," may be used in setting forth an exception or reservation; whether it is an exception or reservation depends, not upon the term, used, but, upon the nature of the provision itself, as manifested by the intentions of the parties to the instrument.

7. Deeds—Exceptions.—An exception in a deed, in favor of a stranger to it, does not vest him with any title to the thing excepted, but the title remains in the grantor, where the title to the part excepted, is not already in the party for whom the exception is made.

8. Deeds—Reservations—Easements.—Where a clause in a deed, although the word "reserve" is used, shows, that the intention

of the parties to it, was to give the public an easement in a certain described road, and without such construction, the manifest intention of the parties will be defeated, it will be held to be an exception, and that the grantor has retained in himself, the right to dedicate it to the use of the public.

GEO. E. STONE, J. BOYLE STONE and E. C. MOORE for appellant.

CHARLES F. MONTGOMERY for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is an appeal from the judgment of the circuit court, which adjudged, that there was an easement for the benefit of persons, who were walking, over a certain designated way upon the lands of the appellant, Allen, and that, by reason of which, the appellee, Henson, and presumably all members of the public, who might desire to use it, had, as a matter of right the right to walk over the appellant's lands along the way, and that appellant had, unreasonably, obstructed the way and rendered it unfit for use as a walking way, by cultivating the land over which it courses, and the erection of fences across it, and enjoined the appellant from cultivating the lands over which the way extended, for a width of three feet, and requiring her, by mandatory injunction, to place steps against the fences at the places, where the fences crossed the way, so as to reasonably enable persons, who were walking, to pass over the crossings. The way, designated in the judgment, is about six hundred yards in length, and extends over the lands of appellant, from the Tennessee Ridge and Dunville highway, to the lands of W. S. Rector, from which point, it continues over the lands of Rector to the Dunville and Pelleyton highway.

The appellee, who was the plaintiff below, rests his right to the easement, upon prescription, and, also, upon a clause in the title deed, under which appellant holds her lands, which he insists, amounts to a grant of the easement, in connection with a deed, executed by the grantor in the appellant's deed in March, 1917; while the appellant, who was the defendant, below, denies, that the easement, claimed, exists, either by prescription, or by the conveyances, and as a further defense, pleads an alleged estoppel and the statute of limitations in bar of appellee's claim, and, further, that if it should be held, that

the easement exists by virtue of the deeds of conveyance, that the way does not lie as appellee contends, but, is at another place, where she has improved the way, and prepared it for the use of the public. The distance between the termini of the way, over the route, which appellant has improved, is from one hundred and twenty-five to one hundred and fifty yards greater than the distance over the way contended for by appellee.

The evidence, in the action, touching the question, as to whether an easement exists by prescription over the lands, along the route contended for by appellee, is conflicting and in some respects unsatisfactory, but, the conclusion arrived at, makes it unnecessary to consider, whether or not, the appellee has a right to an easement over the lands, by prescription.

On June 9, 1913, W. S. Rector, who was then the owner of the lands, now owned by appellant, conveyed them to her by a deed, which she accepted without objection, and which contained the following clause, immediately after the description of the lands by metes and bounds, viz.:

"It is understood and agreed, that the parties of the first part reserve for walkers only, a road running an east and west course across the above described land, and known as the old public road."

Thereafter, on March 16, 1917, Rector, as the party of the first part, and to "men, women and children and the public," as the party of the second part, executed a deed, which he caused to be recorded, and by which he conveyed to the parties of the second part, the interests reserved by him in the conveyance to appellant, and, also, conveyed to the same class of persons, a similar interest, in the continuation of the road, over the lands owned by him to its intersection with the Dunville and Pelleyton highway.

It is practically undisputed, in the evidence, that at the time, the lands were conveyed to appellant, there was an old road bed existing over the route, wherein appellee claims he has the easement, and that such road bed could be visibly traced across the land, and over the greater portion of its course, at least, was still travelled by such persons, as desired to do so, and this road, it is claimed, was the one, which was referred to in the conveyance from Rector to appellant, as the "old public

.road," and which was reserved for "walkers only." The deed having been accepted by appellant, it must be considered, that the negotiations between Rector and appellant, looking to the sale of the lands, were merged in the deed, and expressed the contract between them. The rule, which is uniformly adhered to in the construction of a deed, is, that it should be so construed as to effectuate the intentions and desires of the parties to it, as manifested from the language made use of in the deed. Davis v. Hardin, 80 Ky. 672; Ballard v. L. & N. R. R. Co., 5 S. W. 484; Heingly v. Harris, 1 K. L. R. 55; Ferrill v. Cleveland, 6 K. L. R. 512; Mayo v. Sneed, 78 Ky. 634; Bridger v. Pierson, 45 N. Y. 601; Iron Co. v. Reymert, 45 N. Y. 703; Richardson v. Palmer, 38 N. Y. 212; Corning v. Nail Factory, 40 N. Y. 209. The language of the deed is, that the "road running an east and west course across the above described land and known as the old public road," is reserved for the travel of persons on foot. The intention of the parties is very plain, and that is, that the road so far as the right of using it by persons in walking over it, was not conveyed by the deed to appellant, but, the road was retained by the grantor for the purpose of permitting persons on foot, to use it. The appellant could not have failed to understand, that while the lands and all other rights incident to their ownership passed to her under the deed, that she received the lands, with the right of persons, on foot, to pass over them along the "old public road." She necessarily contracted for the purchase of the lands, with that right excepted from the conveyance, as it would have otherwise included all right and authority over the road. The rights of the parties to a deed containing the language used in this one, involves a consideration of the intricacies and confusion touching the subject of reservations and exceptions in deeds. It is uniformly held, that a reservation in favor of one, who is not a party to the deed, does not have the effect of passing to the stranger any title to the thing reserved. The general principle adhered to is, that a reservation in a deed must be in favor of the grantor, and not in favor of a stranger to it, except where the title, to the thing reserved, is already in the person, in whose favor the reservation is made, as in such instance, the reservation does not create title in the stranger to the deed, but, merely excepts, from the opera-

tion of the deed, that which the one, not a party to the deed, already has, and does not affect his title; but, reservations in favor of the public, as the use of a street or road, have been, sometimes, upheld as valid, where the street or road is not then an existing thing; or rather, it has been held, that a reservation in favor of the public of an easement in a street or road, where such street or road is not then in existence, and where a certain specified portion of the land is reserved for the purpose, has been held to be an exception in the deed, and that the grantor has retained the right to make a dedication of the street or road. Tuttle v. Walker, 46 Me. 280; City of Cincinnati v. Newell, 7 Ohio St. 37; Elliott v. Small, 59 Am. Rep. 329. Such principle seems to have been treated, as conceded in Gibson v. Porter, 17 K. L. R. 917, and Ledford v. Cummins, 20 K. L. R. 393. But, if the general rule above stated, is to be adhered to, and if it be conceded, that the right of persons to use the road, in controversy, by walking along it, did not exist, when the deed was executed, and, further, that the language used, was a reservation only, under the general trend of authority, the deed could not be held to have invested the appellee, nor any other person, with an easement, as claimed by him, and thus, the intentions of the parties to the deed, as manifested by its language, would be entirely defeated. It should not, however, be overlooked, that a reservation in a deed, as generally defined, is a clause, whereby the grantor reserves some new thing to himself, which issues out of, or is incident to the thing granted, and is a right, which in contemplation of law, did not previously exist; while an exception in a deed is a clause, which exempts from the operation of the deed and retains in the grantor the title to some part of the thing granted, or else, excepts from the operation of the deed some part of the thing granted, the title of which is, at the time, in another. Brown v. Anderson, 88 Ky. 577; 18 C. J. 340; Hicks v. Phillips, 146 Ky. 205, 4 Kent. 468. The title to the portion of the thing granted, which is embraced by the exception, and but for which would pass to the grantee, remains in the grantor and is the subject of sale by him, or it may pass to his heirs. The terms, exception and reservation, however, are used without much discrimination, and the difficulty, oftentimes, of accurately distinguishing, as to whether an ex-

ception or reservation is intended, has resulted in the adoption of a rule, which seems to be general, that in the construction of deeds, the technical meaning of the words used in setting forth an exception or reservation, must submit to the manifest intentions of the parties, in their use, and, hence, whether a clause of a deed creates an exception or reservation does not depend upon the terms used, but upon the nature of the provision itself, as manifested by the intentions of the parties to the instrument. Martin v. Cook, 102 Mich. 267; Hund v. Curtis, 7 Metc. 94; Stockwell v. Couillard, 129 Mass. 231; Kister v. Reeser, 98 Penna. St. 1; Whitaker v. Brown, 46 Penna. St. 197; Claflin v. B. & A. Co., 156 Mass. 489. While the distinction between an exception and reservation is preserved, where it appears from the instrument, that the parties have used the terms, with their technical signification; and while the rule that a reservation in favor of a stranger to the deed is invalid, is adhered to; yet, where the reservation is for the benefit of one not a party to the deed, and it is necessary to effectuate the intentions of the parties, and without such construction their intentions would be defeated, a clause, although the term "reserve" is used, is uniformly held to be an ex ception, and this holding has not been confined, in all cases, to instances where the thing reserved has been previously carved out. 18 C. J. 348; Martin v. Cook, supra; 8 R. C. L. 1092. In the clause under consideration, in the deed from Rector to appellant the term, "reserve," is used, but, the thing, reserved, is the "road known as the old public road," and it is reserved from the conveyance, that persons, who are walking, may use it, in passing from one of its termini to the other. The thing reserved, is a designated portion of the land, which but for the reservation, would have passed by the deed to appellant, and while the fee, in the land upon which the road is located, doubtless passed, under the deed, to appellant, the intention of the grantor, that the road to the extent of its use by persons, on foot, was not conveyed to appellant, is very plain. Hence, in accordance with the above stated principles, and to effectuate the manifest intention of the parties, the clause in the deed, which was denominated a reservation of the road, should be held to be an exception, rather than a reservation, and that if a dedication was necessary to invest the

public with an easement in the road, that the grantor in the deed retained, in himself, the right to make the dedication. It is true, that an exception in a deed, is void to the extent, that it purports to confer title upon one not a party to the deed, and treating the clause as an exception, it does not vest any right, in the appellee, or any other person, but, the road for the use of persons on foot being excepted and not conveyed, the right to dedicate it to the use of persons travelling on foot necessarily remained in the grantor, and this intention of the grantor was carried out by the deed, executed by him, on March 16, 1917, which gave an easement in the road to appellee, as well as all other persons travelling on foot.

This view of the rights of the parties eliminates the defense of the estoppel, urged by appellant, upon the ground, that she had caused the lands over which the route of the road is, to be improved, with the knowledge of Rector, as the acceptance of the deed from Rector, containing the exception, gave to her, full notice of his rights, and there is nothing proven, that he either did or said, after the execution of the deed, which could have caused her to make the improvements on the land, and besides, the improvements made, were simply the removal of the trees, and brush from the land, and the opening of certain shallow ditches to rid the land of its surplus water, and the existence of the right of persons to walk along the road could not injuriously interfere with any of the improvements. Neither would the opening and improvement of another way for travel on foot, by appellant, be an estoppel to the right of Rector to dedicate the way, in controversy, to the public, as appellant could not divest him of his right, without his consent, and he would have no right to object to appellant opening another way over her lands, if she chose to do so.

In view of the conclusions reached, as stated above, the only remaining question, which arises, is, whether the road in which the court determined, that appellee has an easement, is the same road, which was excepted for the use of persons on foot, in the deed of Rector to appellant. That the road existed, in which the court adjudged the easement, at the time, the deed was executed, seems to be proven by the evidence, and Rector deposed, that when he and appellant were negotiating the con-

tract for the sale of the land, that they went upon the lands, and, that he pointed out to her the roadway, which ne proposed to reserve, and that the road, pointed out by him, was the same as the one, in which the court adjudged the easement. The appellant denies, that Rector pointed out such roadway to·her, but, deposes that the road, which he pointed out, was the one, which she had since repaired for the use of persons, on foot. There was other contradictory evidence, as to location of the roaaway, which was known as "the old public road," which was designated in the deed. The chancellor having determined from the evidence, that the way, excepted in the deed for the use of persons, on foot, was the same as contended for by appellee; under the well established rule, that when the evidence from its contradictions is such as to leave the mind, in doubt, as to a question of ·fact, in an equity cause, the judgment of the chancellor will not be disturbed upon such question. Quigley v. Beam's Admr., 137 Ky. 325; Campbell v. Trosper, 108 Ky. 602: Payne v. Levy, 142 Ky. 619; Landis v. McCreary & Co., 167 Ky. 128.

The judgment is therefore affirmed.