## Francis v. Combs.

(Decided November 1, 1927.)

### Appeal from Breathitt Circuit Court.

1. Deeds.—Where husband conveyed land to his child, retaining possession during the lifetime of himself and wife, the wife's release of her dower right was not inconsistent with the retention of such right of possession so as to defeat her right to possession on her husband's death.

2. Deeds.—It will not be presumed that one clause in a deed was intended to conflict with another.

3. Deeds.—A right expressly and clearly reserved in one clause of a deed will not be affected by general words of doubtful import in a subsequent clause, where the last clause may reasonably be read as consistent with the first.

4. Deeds.—A widow having possessory rights in land during her lifetime held not estopped to assert such rights against one whom she induced to trade for such land, where latter knew of her possessory rights therein, hence was in no way misled.

5. Work and Labor.—Where a widow, living on land deeded by her husband's father, with a life possession reserved to the father and mother during their lives, continued to support her husband's mother after the husband's death, she could not recover compensation therefor, in the absence of an allegation of a promise of the mother-in-law to pay therefor.

T. T. COPE and F. K. COPE for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—. Affirming.

A. A. Combs owned a considerable body of land in Breathitt county, and had several children. He undertook to divide his land among his children in his lifetime and made deeds to them. On May 22, 1915, he and his wife, America Combs, conveyed to their daughter Mollie Campbell the home place containing 50 acres more or less. The deed is in the usual form, between A. A. Combs and America Combs, parties of the first part, and Mollie Campbell, party of the second part. Then following the granting clause are these words:

> "It is understood and agreed by first party and second party that the said first parties hold this land and all possessions of this boundary during their lifetime and at their death said land falls to said second party."

At the conclusion of the deed are also these words:

> "Said America Combs unites in this deed for the purpose of releasing all rights, title and interest which said person may have herein by reason of homestead, curtesy, dower or otherwise."

On May 22, 1915, A. A. Combs and America Combs, his wife, conveyed to their son Cleveland Combs a tract of land containing 100 acres. In this deed, at the conclusion of the granting clause, are these words:

> "It is further considered that the first party is to have half of the proceeds on all level land of each growing crop during their lifetime in said boundary, also and is to have the right to cut such timber as he may desire anywhere on said boundary, and is to have one-half of the proceeds of the coal and mineral if sold in their lifetime, and in case a railroad is run through said land during said party's lifetime, they are to have one-half of the value of the right-of-way, and shall have the right to enter upon same, and use in any manner he may see fit during his lifetime."

On December 19, 1916, Mollie Campbell and her husband conveyed to Cleveland Combs the land which her father and mother had conveyed to her, and Cleveland Combs conveyed to Mollie Campbell the land that the

father and mother had conveyed to him. In other words, he and Mollie Campbell swapped tracts, and he moved in and lived with his father and mother until the father died, and with the mother until he died. His wife continued to live there after his death, and some years later married Henry Francis. Some years after this, the parties being unable to get along agreeably together, America Combs brought this suit, charging, in substance, that the defendants had refused to give her possession of the place, and excluded her from the use of it, and that against her will and consent they held possession of the property. The defendants answered, claiming the property under the deeds, and alleging that Cleveland Combs swapped with his sister at his mother's instance and request, and that the defendants had for five years kept and provided for Mrs. Combs, and that her board was of reasonable value $20 a month. The circuit court on final hearing gave judgment in favor of Mrs. Combs. Francis and wife appeal.

It will be observed that by the deed which A. A. Combs and America Combs made to Mollie Campbell it was expressly stipulated that they should hold the land and the possession of it "during their lifetime, and at their death said land falls to said second party," Mollie Campbell. The right of possession was thus retained during their lifetime, and the land did not fall to Mollie Campbell until "their death"; that is, the death of both of them. The provision at the conclusion of the deed reciting that America Campbell unites in this deed for the purpose of releasing all her rights by reason of homestead, curtesy or dower, etc., takes nothing from the express reservation above made in the deed. It simply means that she had released her rights under the homestead law or her right to dower in one-third of her husband's land. But the release of these rights is in no wise in conflict with the express reservation of the right to hold the land conveyed and all possession of it "during their lifetime." It will not be presumed that one clause in a deed was intended to conflict with another. A right expressly and clearly reserved in one clause will not be affected by general words of doubtful import in a subsequent clause, where the last clause may reasonably be read as consistent with the first.

"It is the duty of courts to construe a deed so as to give effect to each part thereof; and where

there is an apparent conflict between two provisions and one interpretation will make the provisions entirely inconsistent, but another will harmonize the two provisions, the court should adopt the latter, if it can be done without doing violence to the language employed.'' Cox v. Humphrey, 144 Ky. 395, 138 S. W. 244.

''But if both parts of a deed may well stand together, consistent with the rules of law, they will be construed to have that effect, rather than be held repugnant.'' Virginia Iron, Coal & Coke Co. v. Dye, 146 Ky. 521, 142 S. W. 1058.

To same effect see 18 C. J. p. 267, section 225; 8 R. C. L. p. 1047, section 101.

When Cleveland Combs swapped his land for the land of Mollie Campbell, and accepted a deed from her, he simply stepped into her shoes, and she took his land on exactly the same terms as he held it. Neither acquired by this trade any more rights than the other had before, for they all well knew of the division of the land by their father and the terms on which each tract had been conveyed. Each took the land with full notice of the title. It is charged in the petition that America Combs urged Cleveland Combs to make the trade. But this created no estoppel, for he well knew under what terms his sister held the land. He was not misled in any way by anything his mother said. The fact is that the old people wanted Cleveland to live with them, and would naturally take an interest in the proposed trade between him and Mollie Campbell. The plaintiff also alleged that for five years she had taken care of America Combs, and fed and clothed her, and asked compensation for this. But there was no allegation of a promise to pay, and, in the absence of a promise to pay, there can be no recovery in cases of this sort. The fact is all the circumstances here repel the presumption that there was any expectation on one side to pay or on the other side to be paid.

There is no order in the record filing the plaintiff's reply to the defendant's answer, although there is an order tendering it. From the record as a whole it seems that the reply was treated as filed. But, however this may be, the affirmative matter in the answer stated no cause of action by way of counterclaim, for the reasons above stated. The whole case depended upon the rights

of the parties under the deeds. Only a question of law was presented, and this turned upon the proper construction of the written instruments, which were undisputed. Judgment affirmed.