## Hall et al. v. Meade et al.

(Decided June 24, 1932.)

JAMES & HOBSON and EUGENE B. WETHERILL for appellants.

COMBS & COMBS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON.—
Affirming in part and reversing in part.

Martin Meade and Anne Meade were husband and wife residing in Floyd county, Ky., on the 12th day of June, 1926. In August, 1923, Martin Meade was the owner of 150 acres of land situated in Floyd county, which was by a lease signed and acknowledged by himself and wife and delivered to W. P. Crow, leased for oil and gas for a term of five years, and so long thereafter as oil or gas was produced. Crow assigned the lease, in 1928, to the Inland Gas Company which entered upon the land and drilled a well which produced gas in paying quantities. The lease contained a provision for the payment of a royalty of $400 per year, payable each three months in advance, so long as gas was marketed off the premises. The Inland Gas Corporation has continuously since marketed the gas, paying the royalty until the filing of this action.

In June, 1926, Martin Meade and Anna Meade executed and delivered, for $1 cash and love and affection for their granddaughter Sula Hackworth and her husband Bruce Hackworth, a deed conveying to them 50 acres of the same land. Simultaneously, they executed and delivered to the bodily heirs of Hulda Jane Compton, deceased, a daughter of Martin Meade, for the consideration of $1 and love and affection, a deed for 50 acres. For the recited consideration of love and affection and $1, they executed and delivered a deed to Bessie Hall, a daughter of Martin Meade, conveying to her 50 acres of land. The deeds are formal in every respect, except each of them contains, between the description of the boundary and the habendum, this language:

"The parties of the first part reserve the right to use and occupy said tract of land during their natural lives, or to sell and dispose of coal, oil or gas, should they so desire, during their natural lives."

The deeds were caused to be placed of record in the county in which the land was situated. No children were born to Martin Meade and Anna Meade. The grantees in the deed were the daughters and the children of a deceased daughter of Martin Meade by a former wife. Martin Meade departed this life, and the vendees

in the deeds began to set up title to the land and to dispute the authority and right of Anna Meade to receive the royalty payable under the lease held by the Inland Gas Company. She filed this action in which she sought to be decreed the owner in fee of the land, including the minerals, oil, and gas, with the right to sell, convey, and lease the same, and to receive the rents and profits due, and to become due, under the lease held by the Inland Gas Corporation, and to have her title quieted.

She averred that by a proper construction of the deeds they reserved to her the relief sought, but that if the language therein was not sufficient for that purpose, she asked that each of them be reformed so as to convey to her the title in fee. The vendees in the deeds by answer controverted the allegations of her pleading and asserted that the clause in each deed, which attempted to reserve to her any right or title to the land, was void, and that they were entitled to the possession of the land as well as the right to collect the royalty under the lease owned by the Inland Gas Corporation. The trial court determined the case on the evidence and the deeds introduced by the parties, and decreed that Anna Meade was not entitled to have the deed reformed, and that the reservations in the deeds were void, but that Anna Meade was entitled to and had the same interest in the land and the oil and gas royalties that a widow has in every such case where the lease was executed and delivered by her and her husband, during his lifetime; that she was entitled to the land as a homestead, it being worth less than $1,000; and that the reservations in the deeds merely protected her in this homestead right. The vendees in the deed have prosecuted from the judgment, this appeal, and Anna Meade has been granted by this court a cross-appeal.

From our view of the case it is unnecessary to consider the evidence introduced by the parties. The deeds control their rights. The appellants are insisting that Anna Meade had no interest whatsoever in the land owned by Martin Meade at the time of his death, and occupies the same relation to the deeds as if she were not a party to them, and that the reservations in the deeds are, therefore, void, and that the court erred in holding that she was entitled to the right of a widow. To sustain this argument they cite and rely on section 490, Ky. Stats.; Justice v. Justice, 239 Ky. 155, 39 S. W. (2d) 250; Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665;

Reynolds v. Towell, 11 S. W. 202, 10 Ky. Law Rep. 932; Gibson v. Porter, 15 S. W. 871, 12 Ky. Law Rep. 917; Beinlein v. Johns, 102 Ky. 570, 44 S. W. 128, 19 Ky. Law Rep. 1969; Allen v. Henson, 186 Ky. 201, 217 S. W. 120; Chappell v. Chappell (Ky.) 119 S. W. 218, 219; Francis v. Combs, 221 Ky. 644, 299 S. W. 543; Hill v. Pettit, 66 S. W. 188, 23 Ky. Law Rep. 2001; Morris v. Gilliam, 213 Ky. 763, 281 S. W. 1026; Roberts v. Combs, 226 Ky. 97, 10 S. W. (2d) 608; Duncan v. Jenkins, 215 Ky. 543, 286 S. W. 783; Beardslee v. New Berlin Light & Power Co., 207 N. Y. 34, 100 N. E. 434, 436, Ann. Cas. 1914B, 1287; Lemon v. Lemon, 273 Mo. 484, 201 S. W. 103, 107.

The rule deducible from these cases may well be stated in the language of the court in Beardslee v. New Berlin Light & Power Company, supra:

> "It is elementary law, stated in every text-book on the subject, that a reservation or exception in favor of a stranger to a conveyance is void or inoperative. . . . A reservation is something taken back from what has been granted, but that which is excepted is not granted at all."

This principle was recognized and applied by this court in Allen v. Henson, supra. The appellants urgently insist that when section 490, Ky. St., and this rule are applied herein, the clauses in the deeds are void as to Anna Meade. They argue that the present case is especially controlled by the law as stated in Beardslee v. New Berlin Light & Power Co., supra. In Lemon v. Lemon, supra, the owner of the land, by a deed joined in by his wife, conveyed land by deed regular in form, with covenant of warranty, to his son, which provided that the wife did not relinquish her right of dower or homestead if she survived the husband, but reserved to her a life estate in the property. Or, in other words, the grantors were to have the use and profit from it as long as they or either of them should live. At the time of the execution of the deed, the husband and wife resided on the land, and thereafter they purchased a home in Vandalia, Mo., moved there, and resided until the death of the husband. Evidence was offered to the effect that their removal was with the intention to make Vandalia their home for the balance of their lives. The court, applying the recognized distinction between the term "reservation" and the word "exception," stated its con-

722

clusion and construction of the deed, and a determination of the rights of the widow in this language:

"It results that (a) the rents, profits, and possession of the land sued for inure to the heirs or to the devisees of Joseph R. Lemon deceased, during the life of the defendant; (b) that such right is, however, subject to the defendant's dower rights in said land; and (c) that the plaintiff Alphonso V. Lemon, or (since he is dead) his heirs, are entitled to the remainder in fee in this land after the death of the defendant."

This court, in Allen v. Henson, supra, pointed out the same distinction between "reservation" and "exception"; but these terms were not permitted to override the manifest intention of the parties as it was ascertained from the instrument. The Lemon Case aptly compares the terms "reservation" and "exception" and clearly makes the distinction in their intendment and meaning; but in the interpretation of the deed which it construes and in its application thereto, it plainly fails to recognize the universal rule generally applied when construing written instruments.

The pronouncements of the court in Lemon v. Lemon, supra, are not in harmony with the decisive weight of authority. Deeds containing similar clauses were construed in Sherman v. Dodge, 28 Vt. 26; Engel v. Ladewig, 153 Mich. 8, 116 N. W. 550; Derham v. Hovey, 195 Mich. 243, 161 N. W. 883, 21 A. L. R. 999; McDonald v. Jarvis, 64 W. Va. 62, 60 S. E. 990, 131 Am. St. Rep. 889; White v. Willard, 232 Ill. 464, 83 N. E. 954; Du Bois v. Judy, 291 Ill. 340, 126 N. E. 104; Bullard v. Sudemeier, 291 Ill. 400, 126 N. E. 117; Haines v. Weirick, 155 Ind. 548, 58 N. E. 712, 80 Am. St. Rep. 251.

These judicial precedents and the reasons therefor, interpreting similar clauses in like conveyances, are a guide in the present case. They recognize the rule that the grantor by reserving in a deed to himself and wife, the usufruct of the property for and during their lives or the life of the survivor, does not violate the rule against the granting of estates to vest in the future, nor the rule forbidding the reservation of an estate in the land to a stranger or one not a party to the deed. It is within the province of this court as well as its duty to ascertain the intention of Martin and Anna Meade from the words employed, the subject matter of the convey-

ance, and the attending circumstances. Franklin Flourspar Co. v. Hosick, 239 Ky. 454, 39 S. W. (2) 665.

It is a rule of this court to construe every written instrument so as to ascertain the intention of the parties. Malloy v. Barkley, 219 Ky. 671, 294 S. W. 168; Fairchild v. Fairchild, 237 Ky. 700, 36 S. W. (2d) 337.

If possible in every case it should be construed so as to give proper effect to each clause as well as the whole thereof. Franklin Flourspar Co. v. Hosick, supra. If the intention is manifest, the instrument should be construed without regard to the technical rules of construction. Massingale v. Parker, 193 Ky. 523, 236 S. W. 959. The effort is, and should be, to get at the intention of the parties, and if their intention can be determined, it will control, though it be inaptly or awkwardly expressed or out of touch with other parts of the instrument. Hunt v. Hunt, 154 Ky. 679, 159 S. W. 528. It should be construed in accordance with the intention of the makers at the time of its execution as gathered from the entire instrument. Frey v. Clark, 176 Ky. 661, 197 S. W. 414; Murphy v. Murphy, 182 Ky. 731, 207 S. W. 491; Beatyville Company v. Tyrone Coal Co., 205 Ky. 197, 265 S. W. 616. In Martin v. Stewart, 111 S. W. 281, 282, 33 Ky. Law Rep. 729, this court construed a deed containing this clause:

> "The said Simpson Martin reserves the right to have full control of said land during his and his wife's lifetime. This deed is to take effect and be in force after Simpson Martin and Elizabeth Martin's death."

Our construction was:

> "The words quoted merely created a life estate in Simpson Martin and Elizabeth Martin, the title to the land vesting in the grantees, subject to this life estate. The effect of the clause quoted was only to postpone the right of possession." Hunt v. Hunt, 119 Ky. 39, 82 S. W. 998, 26 Ky. Law Rep. 973, 68 L. R. A. 180, 7 Ann. Cas. 788; Reynolds v. Towell, supra; Banks' Admr. v. Marksberry, 3 Litt. 275; Saulsberry v. Saulsberry, 162 Ky. 486, 172 S. W. 932, Ann. Cas. 1916E, 1223.

The clauses in the deeds in the present case bring it within the construction given to the deeds considered in both the foreign and domestic cases supra.

At the time the deeds were executed by Martin Meade and wife, they were occupying the land in controversy, receiving the proceeds of the operation of the oil and gas lease of the Inland Gas Company. They did not own any other land. They had been married for many years. It is plain that they did not by the deeds intend to deprive themselves of the occupancy, use, and benefit of the usufruct of the land, nor the royalty payable under the lease during their entire lives or the life of the survivor. In the case of Chappell v. Chappell, when discussing this subject we said: "They retained more than an ordinary life estate. The right to use the land as they wished reserved to them the power to make such disposition of the estate retained, not involving a sale of the land, as might be necessary to accomplish the purpose they had in mind when the conveyance was made." They could not after the conveyance to the children and the granchildren of Martin Meade dispose of the fee in either the land or the mineral rights or deprive the grantees of the full right of enjoyment or possession of the property after the life estates terminated, but they reserved the right to use the land, its timber and mineral privileges, in any manner necessary to enable them to have comfortable support and maintenance during their lives or the life of the survivor. Chappell v. Chappell, supra; McDonald v. Jarvis, supra; Derham v. Hovey, supra; Rutherford v. Wilson, 95 Ark. 246, 129 S. W. 534, 37 L. R. A. (N. S.) 763; Calvert v. Rice, 91 Ky. 533, 16 S. W. 351, 13 Ky. Law Rep. 107, 34 Am. St. Rep. 240.

The judgment is affirmed on the original and reversed on the cross appeal for proceedings consistent with this opinion.