## STOLKIN v. ABRAMS.

[No. 15,795. Filed January 26, 1938.]

*Silas Lipman* and *Karabell & Lipman,* for appellant.
*Carl L. Compton,* for appellee.

KIME, J.—This was an action on a third amended complaint in two paragraphs, to the second paragraph of which appellant addressed a demurrer for want of facts which was overruled. Thereafter appellant answered the first paragraph by general denial and plea of payment and the second by payment, no consideration, affirmative matter, and general denial. Trial was to the court, who found for the appellee and rendered judgment thereon in the sum of $107.00. A remittitur was filed in the sum of $4.00. A motion for new trial was overruled, the grounds thereof being that the decision was not sustained by sufficient evidence and that

it was contrary to law. The error assigned here for reversal is the overruling of (1) the motion for new trial and (2) the demurrer.

The first paragraph of the third amended complaint, omitting the formal allegations, avers that the appellant purchased from the appellee a truck body for $250.00 and paid thereon at time of purchase $145.00 and that appellant induced appellee to execute a bill of sale; and that $100.00 with interest was still due. The second pleaded the same facts and further alleged that appellant gave to the appellee the following writing:

"8-17-35.

"Due C. L. Abrams, One hundred dollars ($100.00) when Eugene Frosch has made four (4) full payments approximately on time.

USED CAR FINANCE COMPANY.

342 N. Illinois St.,

R. C. Black."

that more than a year has elapsed since execution thereof and that a year was a reasonable time for payment.

The memorandum to the demurrer for want of facts stated that the action was premature since payment was upon a contingency and an allegation of its happening was lacking.

The evidence most favorable to the appellee here discloses that the appellee sold a truck body to the appellant for $250.00 and that appellant agreed to pay $150.00 down and the balance in ninety days; that appellant asked for a bill of sale of the truck body; that because appellee was only to get $150.00 in cash at that time he did not want to execute such bill of sale; that appellant said that he (appellant) was good for the unpaid balance of $100.00 and would see that appellee got it; that there was actually paid at the time of the transfer $145.00 in cash and that about one week later the appellant gave the above writing to the appellee; that at the time of the transfer the appellee gave to the

appellant a bill of sale showing the consideration $250.00; that nothing was paid on the writing hereinabove set out and that the appellant placed the truck body upon a chassis and sold the completed truck to one Frosch. That Frosch was to pay the appellant certain monthly payments and that before the four monthly payments referred to in the above writing became due the appellant repossessed the truck and body.

It is the appellee's theory that the instrument sued on did not create the indebtedness but that such indebtedness was in existence before the execution of the writing, while the appellant contends that before the appellee is entitled to a recovery he must plead and prove that the four payments referred to in the writing were actually made.

The case of *Hines* v. *Weirick* (1900), 155 Ind. 548, 58 N. E. 712, disposes of both the question raised on the demurrer and the motion for new trial. In that case a deed was given, the consideration to be paid to the grantor's grandson when he arrived at the age of twenty-one, but the grandson died after the debt was created and before arriving at the designated age. The court therein said (p. 551) : "The consideration for the conveyance of the land was the payment of the $500.00 by the appellee. The grantor had the right to say to whom that consideration should be paid. Acceptance of the deed by the grantee created a debt *in praesenti,* and rendered him liable to pay the $500.00 agreeably by the terms of the instrument.

"The postponement of the time of payment was not conditional on Ora F. attaining the age of twenty-one years, but was to be made whether Ora F. lived or died. The date at which Ora F. would become of age *simply fixed the limit of the credit.* The time when the $500.00 would become due was as certainly stated and as definitely ascertained as if August 16, 1897, has been in-

serted. Unless the appellee is liable to pay that sum to the heirs of Ora F., he will get the land for nothing. It cannot be said that the grantor contemplated such a result.

"Judgment reversed, with instructions to overrule the demurrer to the complaint, . . . ."

This states the rule clearly and it is well settled that if there was a debt in existence and payment is merely postponed until the happening of a contingency which does not happen the law requires payment to be made within a reasonable time. Here the payment of the debt was postponed only for the period of time that would elapse had the payments been made as contemplated and in no manner was the payment of the $100.00 contingent upon the payment of the four payments by Frosch. To the same effect see *Hicks* v. *Shouse* (1856), 56 Ky. 483; *Randall* v. *Nals Johnson* (1881), 59 Miss. 317; *Pegg* v. *Olson* (1924), 31 Wyo. 96, 222 Pac. 223; *Nuez* v. *Dautel* (1874), 86 U. S. 560; *Bartholomae Oil Corporation* v. *Oregon Oil and Development Company* (1930), 106 Cal. App. 57, 288 Pac. 814.

The demurrer was properly overruled and the decision was sustained by sufficient evidence and was not contrary to law.

Finding no reversible error, the judgment is in all things affirmed.

Dudine, J., concurs in result.