50  229
84  757

## C. P. MOORE et ux. et al. *v.* HENRY and ANNIE LORD.

1. EJECTMENT — EXCEPTION IN DEED. — Plaintiffs in error conveyed to defendant Annie Lord, by deed, of date October 14, 1861, lots Nos. 3, 4, 5 and 6, in the town of Canton, "except so much of said lot 3 as is now occupied by Owen Van Vocter, Esquire, as an office, being twenty-seven feet front on Liberty street, and running back fifty-six feet;" upon this clause in the deed, rest the right and the title of the plaintiffs. Van Vocter testifies that he was in continuous, open and notorious possession of the property in controversy (without a deed from any one) from 1855 to 1863, when he conveyed it to defendant, Mrs. Annie Lord, who has retained possession continuously thereafter. Plaintiffs rely upon the maxim, " *Si quis rem dat, et partum retinet, illa pars quam retinet, semper eo est, et semper fuit.*"

2. SAME — SAME. — " In every good exception, these things must always concur: 1. The exception must be by apt words. 2. It must be of part of the thing granted, and not of some other thing. 3. It must be a part of the thing only, and not of all, the greater part, or the effect of the thing granted. 4. It must be of such a thing as is severable from the thing which is granted, and not of an inseparable incident. 5. It must be of such a thing as he that doth except may have, and doth properly belong to him. 6. It must be of a particular thing, out of a general, and not of a particular thing, or a part of a certainty. 7. It must be certainly described and set down." Sheppard's Touchstone, 77.

3. SAME — SAME — CASE IN JUDGMENT. — Of these components of a " good exception," two are noticeable, the second and fifth, unless it can be implied, it does not appear of record that the land sued for was, at the date of the conveyance of 1861, within the meaning of the rule, " a part of the thing granted," nor that it properly belonged to the plaintiffs.

4. SAME — SAME — STRENGTH OF TITLE. — The general rule, that the plaintiff in ejectment must recover upon the strength of his own title, and not on the weakness of that of his adversary, is well understood. When the title of the plaintiff is controverted under the general issue, he must show, that he had the legal estate in the disputed lands, together with the right of entry. He must establish a clear and substantial possessory title, and this rule is firmly established. 2 Bouvier's Institutes, § 3674. And a somewhat close adherence to the ancient landmarks, as understood and explained herein, are deemed essential to the rights of parties, as well as to the due administration of justice.

Error to the Circuit Court of Madison County.    Hon. W. B. Cunningham, Judge.

The plaintiffs in error brought their action of ejectment against the defendants in the circuit court of Madison county, to the October term, 1872, thereof, to recover a part of lot No. 3, described in the declaration, as twenty-seven feet front on Liberty street, and running back fifty-six feet, on square No. 1, in the town of Canton.

The proof shows that the plaintiffs in error, on the 14th day of October, 1861, sold and conveyed to the defendants in error, lots Nos. 3, 4, 5 and 6, in square 1, etc., "except so much of said lot No. 3, as is now occupied by Owen Van Vocter, Esq., as an office, being twenty-seven feet front on Liberty street, and running back fifty-six feet." Upon this exception the plaintiffs based their right to recover the disputed property.

The witness, Van Vocter, proved that he was in the continuous, open, and notorious possession of the parcel of land in controversy from 1855 to 1863, when he conveyed the same to Mrs. Annie Lord, and that she had been in possession of the same since that time, until the date of the trial, and that such possession was also open and notorious; that he built a printing office on the said lot, but that he had never received a conveyance from any one. It appears that the plaintiffs in error never pretended to have a deed to the premises, but relied solely upon the exception in their deed to defendants.

A judgment was rendered in the court below for the defendants, and the plaintiff brings the case to this court on a writ of error :

It is assigned for error :

1. The court erred, refusing to give the second instruction to the jury asked for by plaintiffs.

2. The court erred in granting the first, second, third and fifth instructions to the jury, asked for by the defendants.

3. The verdict of the jury is contrary to the law and the evidence.

*John Handy*, for plaintiff in error :

The exception in this case is in the *granting* part of the deed ; the effect of it might not extend as far as we contend for.   But when one grants a thing, and immediately, in the grant excepts from its operation a parcel of the thing granted, the effect is that he grants the whole, and a part is immediately taken back by the same grant.   The *whole* is first granted, but the exception operates in law to defeat the operation of the deed to pass title to the part excepted, as if a deed of defeasance had been *eo instanti* executed therefor by the one party to the other.   If the exception be made in the *habendum*, or in any other part of the deed, those in the premises or granting part, its legal effect would be different per-haps ; for no other part of the deed than the granting part of it, can limit the quantity of the thing granted.   It would be void for repugnance to the premises in the deed.   3 Washburn on Real Property, 369.

An exception must be such a thing as he that doth except may have, and doth properly belong to him.   This is but another form of asserting the familiar principle that " nothing that is not pos-sessed can be granted."   Shepperd in the Touchstone, 77.

Defendant is estopped from denying the title of this property. Estoppels are reciprocal, and the recitals bind both parties. 3 Dana, 271.

If one recognize the title of another, he must show that he afterwards purchased it.   Girault v. Zunts, 15 La., 684 ;   Hemon on Estoppels, §§ 258–272.

The exception in this case was not repugnant but valid, it being a specific portion.   2 Green, Iowa, 344 ; 4 Pickering, 54 ; Griffin v. Sheffield, 38 Miss. Rep., 359 ; 8 Ohio, 226 ; 10 Metcalf, 192 ; 7 Jones, 228 ; 5 Gray, 328 ; 7 John., 169 ; 6 Cush., 56 ; 1 N. J., 541 ; 2 Hill, 557 ; 13 N. Y., 239 ; 7 Mass., 291 ; 6 Iowa, 137.

*Geo. L. Potter*, for defendants in error :

No question can be raised here in relation to alleged instruc-tions, as the law requires all instructions to be marked as given or

refused; instructions so marked shall be a part of the record, without bill of exceptions. Rev. Code, 1871; § 643. There are no instructions set out in the record proper. See cases cited in George's Digest, p. 65.

The argument intended to be urged by plaintiffs against Mrs. Lord, is that this exception is an admission by implication, on her part that her grantors then owned the part occupied by Van Vocter. True the grantors make no such claim in their deed, and for aught that appears in the deed, the fact may have been one way or the other.

The facts in proof show that the grantors used the words of exception simply because they were not the owners of the part excepted. It was a brief and simple mode of *description* to show the part of lot three claimed by the grantors. Defendants proved that Van Vocter conveyed that part of the lot occupied by him to Mrs. Lord in 1863, that witness had been in possession of the land since 1855. Thus it appears that in 1861 at the date of the deed from plaintiffs, Van Vocter was in open possession of said excepted property, and so remained in possession since 1855. We admit that under a deed or grant containing words excepting from the conveyance, a part of the land described, the title of the grantor to the part thus excepted, remains in him, *provided*, that he owns the excepted part at the time, but such exception has *no effect* as to the part excepted, and the title to it remains in the owner of it, as though the deed had never been made. If this be so, of what benefit can this deed be to plaintiffs as evidence of the title in in this suit.

TARBELL, J., delivered the opinion of the court.

Ejectment for part of a lot in the town of Canton, being 27 feet front by 56 feet deep, out of lot 3, square 1, as per a survey and map presented on the trial. To maintain the action on their part, the plaintiffs gave in evidence a deed from them to the defendant, Anne Lord, bearing date October 14, 1861, whereby the grantors

conveyed to the grantee "lots 3, 4, 5 and 6 in square 1, in the town of Canton, county of Madison, state of Mississippi, except so much of said lot No. 3, as is now occupied by Owen Van Vocter, Esquire, as an office, being twenty-seven feet front on Liberty street and running back fifty-six feet," and upon this clause of the deed rests the title and the rights of the plaintiffs.

The occupation by Van Vocter of the lot now sued for at the date of the above conveyance was shown by several witnesses.

Van Vocter testified that he was in the continuous, open and notorious occupation of the parcel of land in controversy from 1855 to 1863, when he conveyed the same to defendant Mrs. Anna Lord, since when the possession of Mrs. Lord to the date of the trial was also open and notorious that he built a printing office on said parcel or lot, and that he had never received any conveyance of said lot from any one.

From the date of the conveyance from Van Vocter to Mrs. Lord, she and her husband had exercised full acts of ownership over the lot in litigation, and they were undisturbed and unmolested in such control.

Upon these facts the judge before whom the cause was tried, was asked to charge the jury, that the plaintiffs were entitled to recover ; but the instructions, and the rulings of the court thereon are immaterial, as the legal question involved is presented by the facts which are undisputed and uncontradictory.

There was a verdict for the defendants upon which judgment was rendered for costs against the plaintiffs.    From this judgment the plaintiffs prosecute this writ of error.

It is insisted here, as it was in the court below, that, the acceptance of the deed in this case, by the grantee, now defendant, from the grantors, now plaintiffs, was a recognition by the grantee of the grantor's title to the land involved, and that she is estopped from disputing the title of the plaintiffs at the time of the conveyance.    This claim of the plaintiffs proceeds upon the theory, that, but for the exception in the deed, the whole of lot (3) would have

passed, and by implicating title to the excepted part was in the grant-
or.   It is claimed that this is in accordance with the maxium " *Si
quis rem dat, et partem retinet, illa pars quam retinet, semper eo
est, et semper fuit.*"

And reference is made to Co. Lit., 47 ; Sheppard's Touchstone,
77 ; 3 Washb. Real Prop., 369 ; etc.   The first is not at command.
In the Touchstone the following is found :   " In every good ex-
ception these things must always concur :   1. The exception must
be by apt words.   2. It must be of part of the thing granted, and
not of some other thing.   3. It must be of part of the thing only,
and not of all, the greater part, or the effect of the thing granted.
4. It must be of such a thing as is severable from the thing which
is granted, and not of an inseparable incident.   5. It must be of
such a thing as he that doth except, may have and doth properly
belong to him.   6. It must be of a particular thing out of a general,
and not of a particular thing out of a particular thing, or of a part
of a certainty.   7. It must be certainly described and set down."

Of these components of a "good exception," the second and
fifth are noticeable.   Unless it can be implied, it does not appear
by the record that the land sued for was, at the date of the con-
veyance of 1861, within the meaning of the rule, "a part of the
thing granted," nor that it properly belonged to the plaintiffs.
Title in them is not pretended to be shown, except by implica-
tion.   They were not in possession nor exercising any acts of
ownership.   But Van Vocter was in possession, built an office
thereon, and conveyed to Mrs. Lord.   He was not the tenant of,
nor in any way in possession under, or subordinate to the plaintiffs,
the grantors.   Defendants did not take possession of the lot in
controversy in virtue of or under the conveyance from plaintiffs,
but received possession from Van Vocter.

The case at bar seems, therefore, entirely unlike the cases put
in the books by way of illustrating the rule quoted.   Generally,
exceptions are of mines, water courses, mill sites, roadways, and
the like, palpably part and parcel of the thing granted and in the

possession of the grantor at the time of the conveyance.   Mr. Sheppard, in the Touchstone, says: "If a man grant all his lands in Dale excepting one house or one acre in certain; or one house excepting one chamber in certain, these and such like exceptions are good.   And if one grant a manor excepting one tenement (*parcel of the manor*), or excepting the services of I. S. (*who doth hold of the manor*), or excepting one close, or excepting one acre, or excepting all the gross trees; these are good exceptions."   So, "if one grant a messuage and all the lands and tenements thereunto belonging, excepting one cottage, this is a good exception;" because, clearly, the "one cottage" was a part of the messuage, lands and tenements granted.   And this view seems to be distinctly expressed in Thomas v. Pickering, 1 Shepl., 351, as well as in Darling v. Crowell, 6 N. H., 421, and other cases.

"But if the the exception be of another thing than the thing granted; as if one grant a manor of land, excepting one acre of ground which is no parcel of the manor or of the land before granted; these exceptions are void."   In the case at bar there is nothing to show that at the time of the conveyance from the plaintiffs to the defendants the land in controversy was a part of the "thing granted."   So far from it, the facts developed render the presumption almost irresistible, that it was not a part thereof. Suppose it conceded, that upon the face of the deed, without extraneous facts, the implication of title in the grantors would arise. . Between such a case and the one presented by the facts already recited, it will be seen there is a wide difference.   Indeed, the facts present another case altogether.

Turning to Washburn on Real Property, vol. 3, p. 369, we find the following: "As an exception is the taking of something out of the thing granted which would otherwise pass by the deed, it may be said, in general terms, that it ought to be stated and described as fully and accurately as if the grantee were the grantor of the thing excepted, and the grantor in the deed made the grantee by the exception.   It must, in the first place, be a

part of the thing included in the grant, and is to be taken in substance out of that." Again, says Washburn : " When one granted, 'except as is hereinafter excepted,' it being in the granting part of the deed, was held not to be an exception out of the thing granted, but *an excluding* of such part from the grant altogether." And then is quoted the legal maxim referred to by counsel : " The effect, in such a case, in respect to the thing excepted, is as if it never had been included in the deed." Greenleaf v. Birth, 6 Peters, 302. The rule, as given in one of the cases is, that exceptions must be something that can be severed from what is granted. 3 Wash., R. P., 370 ; School District v. Lynch, 33 Conn., 330. The court in the latter case, make the point that the reservation was not " to the plaintiffs." And it would seem, if not essential, it is at least prudent, that the exception should be stated in the deed to be to the grantor or other person to whom the reservation is made. 3 Wash., R. P., 371 ; Shep. Touch., 100 ; 9 Allen, 170 ; 13 Met., 461.

Greenleaf v. Birth, 6 Peters, 302, though the point in the case at bar was not directly adjudicated, is nevertheless valuable and material by way of persuasive suggestions. The exception in the deed in that case contained an express stipulation or recognition of the the title of the grantor to the excepted land. On the trial the plaintiff, who was also the grantor, deduced his title from the government to himself. Referring to the exception, the court say : " In order, therefore, to ascertain what is granted, we must first ascertain what is included in the exception ; for whatever is within the exception is excluded from the grant, according to the maxim laid down in Co. Litt., 47a, which is the same laid down by counsel. Thus, Judge STORY gives a version of this maxim quite unlike that contended for ; and it may be observed of these maxims which have come down to us in the original text, that they do not bear a literal translation. Usage has given to nearly all of them a version of its own. Even if it were law, therefore, the maxim cited does not bear the construction nor the application

sought to be given it.   Greenleaf v. Birth is valuable in several other respects in this connection, and is referred to accordingly.

Take another view of the case at bar.   Suppose this action instituted against Van Vocter.   Do the plaintiffs stand in any better attitude than in such case?   The present defendants did not enter the premises in question under and by virtue of the conveyance from plaintiffs, but under that from Van Vocter.   Is there any privity between the parties to this suit?   If, taken by itself, there is in the language of the exception in this case, an implication of title in the plaintiffs; is not this implication wholly destroyed by the development of the facts?   Upon a full and careful examination and consideration of the interesting proposition of counsel, we are compelled to answer this question in the affirmative.

The general rule that the plaintiff in ejectment must recover upon the strength of his own title, and not on the weakness of that of his adversary, is well understood.   When the title of the plaintiff is controverted under the general issue, he must show that he had the legal estate in the disputed lands, together with the right of entry.   The requisite proof varies, of course, according to whether or not a privity exists between the parties. In the one case the plaintiff must show the existence and termination of the privity; in the other he must establish a clear and substantial possessory title; and the general rule that the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary, say the authorities, "is firmly established." 2 Bouvier's Institutes, § 3674.   These are safe rules.

And a somewhat close adherence to the ancient landmarks, as understood and explained herein, are deemed essential to the rights of parties, as well as to the due administration of justice.

We are of the opinion that the result reached in the court below upon the facts, was correct, and therefore affirm the judgment.