## Rowland, et al. v Lilly's Heirs, et al.

(Decided February 4, 1921.)

### Appeal from Lee Circuit Court.

1.   Deeds—Construction.—While there is a distinction in the technical meaning of the words "reservation" and "exception" as used in

deeds, no matter which word is used the deed will be given that meaning which it is manifest from the whole instrument was intended by the parties.

2.  Deeds—Reservation Defined.—A reservation is a clause whereby the grantor reserves some new thing to himself out of that which he granted before, and an exception is the exclusion from the conveyance of part of the thing granted which remains in the grantor by virtue of his original title and is a thing in esse at the time.

3.  Deeds—Bond for Title.—The provisions of a title bond will be presumed to have been merged into a subsequent conveyance between the same parties of the same land.

4   Deeds—Construction—Exception.—Where a vendor and a vendee are each the owner of a one-half undivided interest in land, and the vendor, in a conveyance to the vendee of his interest therein, "reserves from the aforesaid land all the minerals," it is an exception out of the interest of the vendor of his one-half of the minerals and does not operate to divest the vendee of his one-half undivided interest in the minerals theretofore owned by him.

5.  Deeds—Exceptions.—A grantor cannot except out of the operation of his conveyance an interest in the land conveyed to which he has no title, and if he undertakes to do so the exception will be void as to the excess over his existing interest.

HURST & ROSE, CARTER D. STAMPER and CLARENCE E. TYREE, guardian ad litem, for appellants.

GRANT E. LILLY, KELLY KASH and THEO. B. BLAKEY for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Prior to the sixth of July, 1907, Mrs. Catherine Lilly and James F. West were the joint owners of two tracts of land in Lee county, each owning an undivided one-half interest therein.   On that day Mrs. Lilly conveyed to the said West, "in consideration of the sum of one thousand dollars . . . and the further consideration of the surrender of first party's title bond dated the third day of April, 1901, . . . all of her right, title and interest in and to the following two tracts of land, the said interest being an undivided one-half thereof."

But there is this reservation or exception: "But it is distinctly understood that the first party reserves from the aforesaid land all the minerals, coal, oil, gases and mineral waters, and reserves the right to the ingress and egress to and over the said lands, etc."

On the same day West and wife conveyed the two tracts of land to Williams and others, but in the conveyance the same reservation is made for the benefit of Mrs. Lilly, and in the same language.

This is an equitable action by the heirs of Mrs. Lilly, she having since died, against the vendees of Williams, who claim under West, wherein it is sought to have it adjudged, and the circuit court did adjudge, that the Lilly heirs under the reservation or exception quoted had title to all the mineral in both tracts of land.

That there is a distinction between the technical meaning of the words "reservation" and "exception" as used in deeds is well recognized, but under the rule in this state that deeds will be so construed as to effectuate the intention of the parties as manifested by the language used, it is immaterial whether there is used in the conveyance the word "reservation" or the word "exception," for whichever is used will be given that meaning which it is manifest from the whole instrument was intended by the parties. Allen v. Henson, 186 Ky. 201.

In 13 Cyc. 672, a reservation is defined as follows: "A reservation is a clause in a deed whereby the grantor reserves some new thing to himself out of that which he granted before."

In 18 R. C. L., p. 1090, in pointing out the distinction between an exception and a reservation, it is said: "In short, by an exception some part is excluded from the conveyance and remains in the grantor by virtue of his original title, while a reservation creates a new right out of the subject of the grant and is originated by the conveyance."

An exception, according to 13 Cyc. 672, "is ever of part of the thing granted and of a thing *in esse* at the time. The office of an exception is to take something out of the thing granted that would otherwise pass. A reservation or exception must be something out of the estate granted. The terms reservation and exception are often used interchangeably, and the technical meaning will give way to the manifest intent, even though the technical term to the contrary be used."

In R. C. L., volume 8, page 1089, in pointing out the distinction between a reservation and an exception, it is said:

"In general, a reservation, like an exception, is something to be deducted from the thing granted, narrowing

and limiting what would otherwise pass by the general words of grant. Strictly, however, a reservation is the creation in behalf of the grantor of a new right issuing out of the thing granted, somthing which did not exist as an independent right before the grant, while an exception operates to withdraw some part of the thing granted which would otherwise have passed to the grantee under the general description, being a part of the thing granted and something *in esse* at the time of the grant, and the legal effect of the words of exception being merely to sever from that which is granted that which is excepted, so that the latter does not pass by the grant. In short, by an exception some part is excluded from the conveyance and remains in the grantor by virtue of his original title, while a reservation creates a new right out of the subject of the grant and is originated by the conveyance. An exception is always part of the thing granted, being of the whole of the part excepted; a reservation may be of a right or interest in the particular part which it affects."

Here we have two joint owners, each owning a one-half, undivided interest in fee, dealing with each other as to the subject of their joint ownership. So far as the record shows there had been no contractual relations between them with reference to such joint ownership, except the deed shows that Mrs. Lilly had executed to West on the 3rd day of April, 1901, a title bond presumably involving her interest in this land, but the record is silent as to the contents of that bond, and even if it was here, it must be presumed to have been merged into the subsequent conveyance with which we are dealing. So that we must rely wholly upon the deed and the language used in it, together with the relations the parties occupied toward each other and the land, to reach its correct interpretation.

It is urged for the appellees that although West was only the grantee in the deed and had never conveyed any of his interest in the land to Mrs. Lilly, yet because of the use of the words "the first party reserves from the aforesaid land *all* the minerals, etc.," it will be deemed to have been the contract between the parties and that she was the owner of *all* the mineral rights.

As stated there is no such contract exhibited, and there is nothing in the record from which it might be fairly inferred that there was such an agreement between the

parties, and we must therefore interpret the deed as it is upon its face and in the light of the relations between the parties and of their relation to the land.

It is apparent from the definitions of "reservation" and "exception" above quoted that although the word reservation is used it was in truth an exception; the grantor conveyed an undivided interest in the land and excepted out of that conveyance certain mineral rights.

Being an exception it necessarily follows from the very nature of things that this grantor, could not except out of the operation of her conveyance an interest to which she had no title.

Suppose the grantor here had made a deed to some one other than her joint owner, West. and she had therein used the precise language that she used in this deed, is it conceivable that it could have been interpreted as an intent to except out of and appropriate to herself the interest of West in the minerals, and if she had done so, would it not have been void?

Cyc. vol. 13, page 675, says: "An exception is void which is of a thing or right which the grantor does not own; or which is of an estate or interest which has never been in the grantor."

In Shepherd's Touchstone, chapter 5, pages 77, 8, in pointing out the necessary things required to make a valid exception in a conveyance, it is said: "It must be of such a thing as he that doth except may have, and doth properly belong to him." Pollock v. Cronise, 12 Howard's Pr. (N. Y.) 363; Moore v. Lord, 50 Miss. 229; Hill v. Cutting, 107 Mass. 596.

In the latter case John and Philemon Hill were the joint owners of a tract of land which by agreement they divided between them. John Hill in his conveyance to Philemon "reserves for his own use all the wood, timber and trees now standing and being on "a certain described eight acres of the land, retaining the privilege of removing the same. After the division each party entered into the possession of the part conveyed to him, and John Hill thereafter sold the wood in the reservation referred to, to one Cutting. In a controversy arising over it, the court, in construing that reservation, said:

"A reservation or exception can only be out of the estate granted, and this clause therefore could not operate by way of reservation or exception upon the undivided half of the eight acres which had never been in the

grantor, but which was before the division and afterwards remained in the grantee. As to the other undivided half, there would seem to be no good reason why the clause should not be allowed to operate strictly as a reservation or exception.''

It is conceded that West was vested with the title to a one-half, undivided interest in fee in the land prior to the conveyance by Mrs. Lilly, and we are unable to see how he could have been divested of any interest therein on the face of the deed made to him by Mrs. Lilly for a separate and distinct interest.

It is urged for the appellees that the use of the language ''all of the minerals, coal, etc.,'' by its very terms must have been intended to include all the minerals in the two tracts; but the language is ''that the first party reserves from the *aforesaid land* all the minerals, etc.,'' and necessarily the grantor must have had in mind the *aforesaid land* which she had therein conveyed, meaning a one-half interest in the two tracts.

Any other interpretation would place the grantor in the position of excepting for herself and appropriating to herself an interest which she never owned, and, as we have seen, no such effect can be given to this transaction. We do not believe she had such purpose, but if she had her efforts to that end would have been ineffectual because she could not thereby have divested West of his title to one-half of the minerals.

The judgment is reversed, with directions to enter a judgment as herein indicated.