# Slone et al. v. Kentucky West Virginia Gas Co.

Feb. 24, 1942.

E. C. Wooton, D. G. Boleyn and Carl D. Perkins for appellants.

D. H. Hall, H. H. Smith and Combs & Combs for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The question is whether the heirs and remote vendees of Kathlena Slone are entitled to one-fourth of the rents and royalties from an oil and gas lease of 92 acres

of land. The answer depends upon the construction and effectiveness of an exception contained in a deed.

Sarah Slone, the owner of the land, died long prior to 1910, leaving as her heirs her children, Arland, M. D., Tilden and Kathlena. The sons, M. D. and Tilden, conveyed their undivided interests to Arland in fee. Kathlena married a man also named Slone. On February 19, 1910, she and her husband conveyed to Arland her one-fourth interest, ''excepting the mineral.'' As of August 16, 1921, a deed was prepared with Arland Slone and his wife and Kathlena Slone and her husband, as grantors, to the Beaver Creek Consolidated Coal Company, as grantee, conveying Kathlena's undivided one-fourth interest in all the coal and other minerals specifically named. The deed recites that it was the interest inherited by Kathlena Slone and that it was being executed in lieu of a deed theretofore executed by the grantors to the grantee which had been lost. This instrument contains the provision:

''The oil and gas together with the usual rights and privileges for operating is not herein conveyed and is hereby excepted in favor of the grantor, Arland Slone.''

But Arland Slone never signed the deed. It is developed that a suit was then pending to supply the lost deed which had been executed to the Coal Company in 1914. The deed of August 16, 1921, is said to have been made in settlement of the suit. However, as Arland had died before he could sign it, the suit was revived and a judgment rendered on November 26, 1923, adjudging the Coal Company to be the owner of the coal and other minerals specified, and entitled to a deed therefor. The judgment provides:

''The oil and gas was in said deed and is now hereby excepted together with the usual rights and privileges for operating and is expressly excepted in favor of grantor, Arland Slone.''

The master commissioner was directed to execute a deed in accordance with the judgment. His deed was not executed, however, until March 15, 1926. It was described as being for Kathlena Slone and Arland Slone's heirs to the Coal Company, but conveyed only Kathlena's one-fourth interest. The exception in the deed is in this language:

"The oil and gas is hereby excepted with the usual rights and privileges of operating and not herein conveyed."

It does not appear when Kathlena died; but in March, 1933, her heirs executed an oil and gas lease of their interest which is now owned by the Kentucky West Virginia Gas Company. That company also owns a similar lease executed by Arland Slone's heirs in October, 1934.

This suit was filed to determine whether Kathlena's heirs still own the one-fourth of the oil and gas in the tract, subject to the lease. The court adjudged they did not and that all the rents and royalties therefrom belonged to Arland's heirs or their remote vendees. It was adjudged that the master commissioner's deed of March 26, 1926, should be and was corrected and modified to accord with the judgment on which it was based so as to make the exception read as in the judgment. Accordingly, the master commissioner executed another deed of date November 30, 1940, for and in behalf of the same grantors to the Coal Company conveying the one-fourth interest in the minerals and providing an exception of the oil and gas "in favor of Arland Slone." The appeal is from that judgment.

All these conveyances reveal and establish, at most, that there was a deed of Kathlena's one-fourth interest in the coal and other specified minerals executed by her and by Arland, who owned the other three-fourths, to the Beaver Creek Consolidated Coal Company, which contained the provision, "excepting the oil and gas in favor of the grantor, Arland Slone." It is conceded, as it must be, that the phrase "excepting the mineral" in her deed to Arland in 1910, Kathlena retained title to all such elements, including the oil and gas. Later when she conveyed the coal and other specified minerals, "excepting oil and gas in favor of Arland," her brother, Arland, intended to join in the deed for some undisclosed reason. Although named as a grantor he owned no interest to grant. It is to be borne in mind that an exception in a deed withholds from the grantee title to some existing part of the property embraced by the description which would otherwise pass under the instrument. Prewitt v. Wilborn, 184 Ky. 638, 212 S. W. 442; Allen v. Henson, 186 Ky. 201, 217 S. W. 120; Rowland v. Lilly's Heirs, 190 Ky. 757, 228 S. W. 448; Cox v. Colossal Cavern Company, 210 Ky. 612, 276 S. W. 540.

The rule is thus well stated in 16 Am. Jur., Deeds, Section 300, as follows:

"An exception purporting to be in favor of a stranger cannot operate as a conveyance to him of the excepted land, although such an exception is effectual to prevent the title to the excepted land from passing to the grantee. Moreover, an exception may recognize and confirm rights already existing in strangers; and the mere fact that the excepted land is in possession of a stranger to the deed does not invalidate the exception."

See, also, 26 C. J. S., Deeds, Section 138 (c); Deaver v. Aaron, 159 Ga. 597, 126 S. E. 382, 39 A. L. R. 126.

It is not claimed that Kathlena, or her heirs, ever conveyed her oil and gas to Arland, so the exception in her deed to the Coal Company was not a recognition or an affirmation of title already vested in him. Arnett v. Elkhorn Coal Corporation, 191 Ky. 706, 231 S. W. 219; Moore v. Davis, 273 Ky. 838, 117 S. W. (2d) 1033.

In Allen v. Henson, supra, we recognized the rule that an exception in a conveyance must be in favor of the grantor and that an exception in favor of a stranger to the instrument gives or conveys nothing to him or to the grantee. In that case, however, we held that a reservation, in a deed, treated as an exception, of an easement of a public passway for pedestrians which the grantor later dedicated was valid. See, also, Beinlein v. Johns, 102 Ky. 570, 44 S. W. 128. In Hall v. Meade, 244 Ky. 718, 51 S. W. (2d) 974, we held valid an exception of the usufruct of property, including oil and gas royalties, in favor of the grantor's wife, who had joined in the conveyance. She was regarded as not being a stranger to the conveyance. In Rowland v. Lilly's Heirs, supra, the owner of an undivided one-half interest in a tract of land conveyed to the other owner all her interest and title in the property, with the deed containing the reservation, regarded as an exception, by the grantor, of "all the minerals, coal, oil, gases and mineral waters," etc. It was claimed by the grantor's heirs that this exception, with its acceptance by the grantee, had the effect not only of retaining title in the grantor of her undivided half interest in the minerals, but also of transferring to her the title to the minerals in the one-half which had belonged to the grantee. The court declared that the grantor could not except out of the operation of her con-

veyance an interest to which she had no title; hence that the title of the grantee to his original half of the minerals was not affected. So it is here. Arland Slone had no title in his sister's one-fourth interest in the oil and gas which she excepted from her conveyance to the Coal Company. Having no title, he could not except it in his own favor. As to her act, it is obvious that merely excepting an interest in real estate from a conveyance ''in favor of'' a stranger is far from constituting a conveyance of that interest to him. Title to real estate cannot be so informally transferred.

We are of opinion, therefore, that the judgment is erroneous and it is reversed.