## Clark et al. v. Pauley et al.

Oct. 16, 1942.

638

J. B. Clark for appellants.

W. R. McCoy, Sr., for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The Warfield Natural Gas Company, holding an oil and gas lease on approximately fifteen acres from both appellants and appellees, filed this declaratory judgment action to have determined to whom the rents and royalties should be paid. By appropriate pleadings ownership of the oil and gas rights was put in issue between appellants and appellees and it was adjudged that such ownership was in appellee, Amy Pauley. The appeal seeks a reversal of that judgment.

In the year 1921 the appellee, Amy Pauley (then Stepp), executed a deed by which she conveyed to Marion and Daisy Stepp an undivided interest in a thirty-two acre tract, of which the fifteen-acre tract in controversy is a part. The granting clause purported to convey the entire fee simple title to the thirty-two acres, but, following the description, this clause appeared:

"Conditions as follows that Marion Stepp owns a interest in this land from deed dated Sept. 1920 from Laura Maynard and etc., and that Marion Stepp excepts this as his part and pays Amy Stepp $300.00 as there is about 12 acres more in this tract than his part of the land that he bought from Laura May-

nard and it is the intention to pay the three hundred dollars for the twelve acres and said Amy Stepp lays this off to said Marion Stepp as being his part that he bought from Laura Maynard and etc., and sells him the remainder of this tract which is 12 acres. Now said Amy Stepp reserves the gas, oil and pipe line rights her life time but at her death all rights and privileges falls to Marion Stepp and his assigns.''

From this clause, it is apparent that the grantor was the owner, and title holder, of only an undivided three-eighths interest and that the grantee, Henry Stepp, was the owner of record of the remaining five-eighths undivided interest and that the deed conveyed only the grantor's undivided interest. This fact does not otherwise appear in the record but is stated in appellants' brief and not disputed.

After the execution of the thirty-two acre deed to Marion and Daisy Stepp, they conveyed the fifteen acres in controversy, a portion of the thirty-two acres, to Henry Stepp, who, in turn, conveyed it to appellant, J. B. Clark. In neither of the two latter deeds was there any reservation of oil and gas rights but, since the appellant, Clark, could only acquire such title as his grantor had, the ultimate question posed is as to the intention and effect of that portion of the quoted clause of the thirty-two acre deed purporting to reserve to the grantor, Amy Pauley, a life interest in the oil and gas.

While the language of the quoted clause purports to be a reservation, it must operate, if at all, as an exception since nothing new was created issuing out of the ground. A reservation creates some new right in the grantor issuing out of the thing granted while an exception withholds from the grantee title to some part of the property vested in the grantor which would otherwise pass under the deed. The distinction has been frequently pointed out by this court, lately in Slone v. Kentucky West Virginia Gas Co., 289 Ky. 623, 159 S. W. (2d) 993. However, the terms are frequently confused and a technical misnomer does not operate to defeat an attempted reservation or exception. Hicks v. Phillips, 146 Ky. 305, 142 S. W. 394, 47 L. R. A., N. S., 878.

It is the contention of appellants that the purported reservation in favor of the grantor of a life interest in the oil and gas rights was wholly ineffective be-

cause the grantor owned, and conveyed by the deed, only a three-eighths undivided interest, while appellees contend that it was the intention of the parties by the clause in controversy to vest a life interest in the grantor in all the oil and gas in the entire tract, the latter view being the one adopted by the chancellor.

We think a view in between the two extremes advanced by respective counsel affords a correct solution of the controversy, that view being that the appellant is the owner of a five-eighths undivided interest in the oil and gas as well as the remainder interest in the other three-eights, subject to appellee's life interest therein.

It will be observed that the so-called reservation, which we have indicated was an exception, did not specifically purport to reserve a life interest in the entire oil and gas in the whole tract. Consequently, the controversial language should be construed as an exception only of the oil and gas rights in the three-eights undivided interest conveyed by the grantor. Regarded in the most favorable light to the appellant, the excepting clause may only be said to be ambiguous. This being true, the ambiguity, assuming there is one, should be construed most strongly against the grantor and in favor of the grantee, since it is a well recognized rule of construction that reservations or exceptions of doubtful meaning are construed most strongly against the grantor and in favor of the grantee, this being also the rule applicable to deeds generally. 26 C. J. S., Deeds, Section 140, page 451; Blackburn v. Piney Oil & Gas Co., 278 Ky. 191, 128 S. W. (2d) 192; Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665; Sargent v. Trustees of Christian Church of Little Cypress, 252 Ky. 57, 66 S. W. (2d) 5.

In Rowland et al. v. Lilly's Heirs et al., 190 Ky. 757, 228 S. W. 448, an exception somewhat similar but far more susceptible to construction in favor of the grantor than is the exception now before us, was construed unfavorably to the grantor and in favor of the grantee. There a joint owner conveyed a one-half undivided interest and the following exception appeared:

"But it is distinctly understood that the first party reserves from the aforesaid land *all* the minerals, coal, gases and mineral waters * * *."

It was held that the intention of this excepting clause was to except in favor of the grantor only an undivided

one-half interest in the oil, gas and minerals although there was an apparent exception of *all* of them. It was further held that even though the clause were construed as intending to except and vest in the grantor complete and absolute title to all the oil, gas and minerals, it was ineffective for that purpose, since the grantor had title only to a one-half undivided interest and could not except out of the operation of her conveyance an interest to which she had no title.

In the light of these authorities, and without reaffirmation or discussion of the soundness of the second reason assigned for the decision in Rowland v. Lilly's Heirs, supra, it is our conclusion that the controversial language must be construed as intending to except in favor of the grantor a life interest only in three-eighths of the oil and gas.

Judgment reversed with directions to enter a judgment in conformity with this opinion.

Whole Court sitting.