## Tackett v. Bush et al.

Nov. 10, 1944.

Joe P. Tackett for appellant.

Howard & Mayo, Edward L. Allen, Joe Hobson, and W. Claude Caudill for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

This action was instituted by appellant against her five brothers and three sisters, the appellees, to obtain a construction of separate deeds executed by her deceased father and his wife to certain of the defendants purporting to convey the surface of portions of his lands but excepting the minerals which, by a later deed, he conveyed to appellant and one of her sisters. It is contended by appellant that the minerals were excepted from the conveyances and later deeded to her and her co-grantee because they had received no portion of the surface, whereas, it is the contention of the appellees that the deed purporting to convey the minerals was a nullity since the grantors had reserved only a life estate in the minerals which, at their death, were inherited by all of the children jointly. The Chancellor adopted appellees' construction and gave it effect by entering a judgment which, in addition to awarding an undivided interest in the minerals to each of the nine children, including appellant, disposed, apparently by agreement, of other matters, such as the effect of certain mineral leases. On this appeal we are asked to decide the single question above suggested, and, in doing so, shall not attempt to designate the specific tracts affected, since from the record before us we are unable to determine their relation to the total area unaffected by agreed exclusions.

Typical of the language employed in four of the deeds is that following the description of the land conveyed to the appellee, Bill Hall, "all oil & gas minerals are excepted until death of first parties then shall fall to heirs jointly."

In the deed to the appellee, William Hall, the language of the exception is as follows: "All oils and gases and all the coal and minerals and mineral rights are excepted during the life of Tipton Hall, but all of said minerals and rights are to belong to the grantee if Tipton Hall should die the owner of them."

In the deed to the appellee, Joe Hall, the language is: "All oil and gas and all mineral is excepted until death of first parties then it shall fall to the heir."

And in the deed to the appellee, Betty Hall Hamilton, it is thus stated: "All oil and gas is excluded from Deed with all the rights and the oil and gas company has. All the coal is excepted from this deed my life time to sell if I wants and if it is not sold by me in my life it is to go with this deed, and is keep five Pick Board trees, and she is to pay me twenty-five (25) bushels of corn each year as long as I live, and Polly Jane lives too."

The illiteracy of the grantors is evident from their inability to write their names and from the language employed in other portions of the deeds, and it is not difficult to conceive that the apparent limiting of the operation of the exceptions to the lifetime of one or both of the grantors followed by the words "then shall fall to heirs jointly.", meant no more than is ordinarily meant by a properly worded exception of mineral rights, namely, that the grantee should take no more by the deed than the surface of the land, and that the minerals should belong to the grantor as long as he lived and at his death should become part of his estate. In other words, they should belong to him and his heirs forever, that is, in fee simple. That this is what was meant by the exceptions under consideration is made clear by the fact that in one or more of them, the father's right to thereafter dispose of the minerals is expressly mentioned. In any event, the deeds could not have vested the "heirs" with any interest in the minerals, since each deed named only one individual as the grantee, and an estate for the benefit of persons not parties to a deed cannot be created by a reservation or exception in the deed. Slone. et al. v. Kentucky West Virginia Gas Co. 289 Ky. 623, 159 S. W. 2d 993; 16 Amer. Juris., Deeds, secs. 299, 300. See also, as supporting our conclusion that the heirs, as such, took no interest in the minerals, the analogous reasoning employed in the case of Dooley v. Goodwin, Ky., 93 S. W. 47.

One other matter to be disposed of is a motion of certain of the appellees, made more than two years after the judgment was entered, and long after the appeal was submitted, to strike the statement and dismiss the appeal because of the failure of the appellant to name Wilburn Hall, one of the nine children of Tipton Hall and a ben-

eficiary under the judgment, in the statement of appeal. "Wilburn" has been careful not to enter his appearance by brief, by participation in the motion, or otherwise, and were it not apparent that he was actually served with summons on the appeal either as "Bill" or "William" Hall and included in the statement under one or the other of these names, there might be some merit in the moving appellees' contention that the appeal should be dismissed because of the confusion which would result because of a reversal which could not disturb "Wilburn's" adjudged undivided interest in the minerals.

The eight children named in the petition as defendants and in the statement of appeal as appellees and served with summons both here and in the lower Court, were "Margaret Bush, Bill Hall, William Hall, John Hall, Butler Hall, Lillian Akers, Betty Hall Hamilton, and Joe Hall". It is true that Wilburn Hall was named in an amended petition as one of the children without any allegation that he was the same person as William; but in numerous defensive pleadings and orders of Court both "Wilburn" and "Bill" Hall appear as separate individuals, and in none of them do the three names, "Wilburn", "William", and "Bill" appear. That there were no more than nine children, including appellant, is conclusively shown by the pleadings, and the judgment itself combines "Bill" and "William" as the name of one individual by inserting parenthetically the words "or William" before the name "Hall" in naming that individual as one of the owners of an undivided one-ninth interest in the minerals. Since both "Bill Hall" and "William Hall" were named in the statement and served with summons on the appeal, it is apparent that "Wilburn" must have been served and thus apprised of the pendency of the appeal from the judgment in his favor. In view of the circumstances disclosed by the record, he could not be heard to complain without an affirmative showing that he was neither an active nor passive party to the mistake in names and that he had suffered prejudice thereby. Any threat that the rights of the appellees who sponsored the motion might be thrown into confusion by a reversal of the judgment as to them without a similar disposition of the judgment in favor of Wilburn is, of course, removed by our indicated conclusion that the motion to strike the statement and dismiss the appeal should be overruled and the question presented by the appeal decided on its merits.

Judgment reversed for proceedings consistent with this opinion.