## Rhoades v. Bennett.

May 21, 1948.

Meredith, Iler & Logan and Frank A. Logan for appellant.

T. O. Jones for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The controversy is over title to one acre of land which formerly constituted one-half of a public school campus.

Perhaps a century ago the lands of William Whitmer, Andrew Shaver, David Shaver and Daniel Gish had a common corner. Each of them set apart one-half acre where the four tracts came together, thus creating a two-acre parcel, and upon it a school house was built. It was given the name of "Philadelphia School," perhaps indicating, as the appellee suggests, the friendly and neighborly spirit of the community. A school was maintained there continuously throughout the years, the building being replaced from time to time. In 1939, the school was consolidated with another and the Board of Education sold the two acres to J. P. Bennett, to whom it gave a quit-claim deed on June 4, 1944. Vernie G. Rhoades had acquired at least a portion of the tracts originally owned by William Whitmer and Andrew Shaver, from which the north one-half of the school lot was cut off. It appears that Rhoades had submitted a bid for the purchase of the lot, but Bennett's bid was higher. Thereafter, Rhoades went upon the lot, erected a fence and otherwise took possession of the south half. Bennett filed this suit against him charging trespass and an antagonistic claim of ownership. He pleaded his own deed from the Board of Education and alleged that it and its predecessors, the trustees of Philadelphia Public School, had owned and been in possession of the property for more than 100 years. He sought an order of ejectment, injunction and quieting of title. A blanket traverse made the issues. The judgment went for the plaintiff, and the defendant appeals.

The major argument of the appellant is that the court committed an error in overruling his general demurrer to the petition upon the ground of fatal omission of the word "actual" in describing the character of possession of the school authorities and of any statement of facts showing that their possession had been adverse. The petition does not use the word "actual" but it does aver that the plaintiff's predecessors "had owned and been in possession * * * for more than one hundred years, and for said period of time had held and been in possession" of the boundary of land "as its own," and that the possession "was open, notorious and adverse to all persons whomsoever and all the world." This pleading was sufficient. The statutes give the "owner of land" the right to maintain an action for trespass notwithstanding he may not have the actual possession at the time of the trespass. KRS 381.230. The constructive possession of the owner is sufficient. And it has been many times held that a suit in equity to quiet title and restrain trespass may be maintained under this section. It was specifically held in Oglesby v. Nation, 282 Ky. 458, 132 S. W. 2d 967, that one who had obtained title by adverse possession need not be in actual possession of the land.

The defendant's answer put the plaintiff's ownership in issue. The evidence contains no hint that this property had not been used as a public school throughout the decades. Of course, that occupancy was notorious and contained every element of adverse possession. As to the record title, there was never any deed from the original landowners to the school trustees unless the tradition is true that deeds were executed and delivered to the trustees and were handed down from one to another until the instruments were lost. The first record evidence of the lot is contained in a deed of one of the defendant's predecessors, David Shaver, in which the grantor "reserved" that one-half acre from the conveyance. That was in 1856. Thereafter, his grantee conveyed a portion of the land to Daniel Gish, the defendant's other original predecessor, and that deed called for the line of the school lot as a boundary. That description and reservation continued to be included down to and including the defendant's own deed, which he received in 1923. The only possible title the defend-

ant could have acquired would have been under the conception, as he argues, that a grantor of land may not reserve or except a portion of land being conveyed so as to pass title to a stranger (Sloane v. Kentucky-West Virginia Gas Company, 289 Ky. 623, 159 S. W. 2d 993); hence, that title, it is argued, remained in the defendant's original predecessor and passed down to him. That law is utterly inapplicable. The terms, "reservation" and "exception" in deeds are often used interchangeably as meaning the same thing, and a technical misnomer does not operate to defeat the intention or the realties. Stephan v. Kentucky Valley Distilling Company, 275 Ky. 705, 122 S. W. 2d 493; Clark v. Pauley, 291 Ky. 637, 165 S. W. 2d 161. We entertain no doubt that in this case the terms "reserved" and "reservation" were used in a technical sense of an exception, that is, that these respective one-half acre parcels were excepted from and not included in the conveyances of the tracts from which they had been cut.

The appellant does not claim, manifestly, that there was any reverter of the original tracts because of abandonment of the use of the property as a public school or any other conditional conveyance by those grantors, such as in Fayette County Board of Education v. Bryan, 263 Ky. 61, 91 S. W. 2d 990. But he contends that the school authorities having held the property peaceably and permissively, as a matter of law they must have given notice to the owners thereof of a different claim in order that their title might ripen. There is nothing whatever in this record upon which to base the theory, and consequently there was never any necessity for such notice to be given; such, for example, as is required of a life tenant or co-tenant who claims adversely to others having an interest in the land.

The evidence conclusively proves that the Board of Education and its predecessors in office had the property in adverse possession for such length of time as to perfect the title. Singleton v. School District No. 34, 10 S. W. 793, 10 Ky. Law Rep. 851; County Board of Education v. Mill Creek Methodist Church, 242 Ky. 147, 45 S. W. 2d 1026.

Wherefore the judgment is affirmed.