**SWORD et al. v. SWORD et al.**

Court of Appeals of Kentucky.
Nov. 13, 1952.

P. B. Stratton, Pikeville, for appellant.
E. J. Picklesimer, Pikeville, for appellee.

MILLIKEN, Justice.

This is an action in equity, seeking a declaration of rights under a deed executed on November 24, 1928, by T. J. Sword, grantor, to Lawrence and Jenny Sword, grantees. T. J. Sword, now deceased, during his lifetime owned approximately 290 acres of land located on Island Creek in Pike County, Kentucky. All of the mineral rights of this land, except those of a 70-acre tract, had been sold. The decedent during his lifetime made a division of this land among his five children and deeded them each a tract of land. He deeded Lawrence and his wife, Jenny, the appellants herein, the 70-acre tract on which he still owned the mineral rights. The pertinent portions of that deed, insofar as the mineral rights are concerned, are as follows:

"The party of the first part hereby excepts the coal, from the above desc 'bed property, which mineral is to be divided equally among his said children, Martha Sword, Addie Damron, Lawrence Sword, Cleveland Sword and Robert Sword.

"It is further understood that that one-fifth of the mineral shall belong to Lawrence Sword, and his part to be laid off on the left hand side of the Still House Branch adjoining Kenis Adkins land.

"It is understood that the above land-described and set out is to be Lawrence Sword's part of the land that I own at this time."

The appellants contend that the decedent only excepted part of the coal from this tract of land and that they were conveyed all the other minerals, including the oil and gas. The appellees contend that the decedent excepted all the minerals and that they are entitled to share in the oil and gas, as well as the coal. The chancellor construed the deed to be ambiguous, admitted extrinsic evidence of surrounding circumstances and adjudged that each of the decedent's children was conveyed a one-fifth interest in his mineral estate.

█ Where the language employed in a deed is uncertain in its meaning, it is proper to consider the nature of the instrument, the situation of the parties executing it, and the objects which they had in view. Davis v. Hardin, 80 Ky. 672; Tanner v. Ellis, Ky., 127 S.W. 995. Furthermore, the subsequent acts of the parties, showing the construction they have put upon the agreement, may be looked to, and are entitled to great weight in determining what the parties intended. Jacoby v. Nichols, 23 Ky.Law Rep. 205, 62 S.W. 734; District of Columbia v. Gallaher, 124 U.S. 505, 8 S.Ct. 585, 31 L.Ed. 526; Wilson v. Marsee, 166 Ky. 487, 179 S.W. 410. However, in the instant case we can find no ambiguity in the deed. The words "that that one-fifth of the mineral" clearly refer to the coal. As stated in Volume 3 of the American Law of Property, page 384:

"Where the language of a deed is plain and unambiguous, evidence of surrounding circumstances, although proper in an action to set aside a deed, will not be considered for the purpose of construction. But as a means of solving ambiguities, the courts will consider all the attendant circumstances as to situation of parties, relationship, object of conveyance, person who drew the deed, and all surrounding situations which may throw light on the meaning which the parties attach to ambiguous or inconsistent portions of the instrument."

█ The appellees seem to assume that the exception made in their favor was sufficient to pass title to them. The decedent attempted to create an exception to third persons who were not parties to this deed. This court has consistently subscribed to the common law rule that a reservation or exception to be effective must be made in favor of one of the grantors and not to a stranger to the deed. Flynn v. Fike, 291 Ky. 316, 164 S.W.2d 470; Allen v. Henson, 186 Ky. 201, 217 S.W. 120; Slone v. Kentucky West Virginia Gas Co., 289 Ky. 623, 159 S.W.2d 993. But an exception purporting to be in favor of a stranger may operate in favor of the grantor to exclude that part from the conveyance. Slone. v. Kentucky West Virginia Gas Co., 289 Ky. 623, 159 S.W.2d 993. As stated in 16 Am.Jur., Deeds, Section 300, page 610:

"An exception purporting to be in favor of a stranger cannot operate as a conveyance to him of the excepted land, although such an exception is effectual to prevent the title to the excepted land from passing to the grantee."

█ We conclude that the appellants are the owners of all of the coal in the 14-acre tract adjoining the land of Kenis Adkins (being one-fifth of the coal in the entire tract), and the sole owners of all the other minerals in the 70-acre tract. The appellees received nothing under this deed, but may have an interest in the rest of the coal as heirs or devisees of their father.

The judgment is reversed.