Phillip Lee WASHUM, Appellant,

v.

John N. KONRAD et al., Appellees.

Court of Appeals of Kentucky.

Feb. 4, 1955.

Robert O. Lukowsky, guardian ad litem, Covington, for appellant.

Earl Rodney King and Charles E. Dunn, Covington, for appellees.

CAMMACK, Justice.

The appellees, John N. Konrad and Della Mae Konrad, brought suit in the Kenton Circuit Court for a declaratory judgment to determine the rights of Phillip Lee Washum, an infant, in a house and lot which they had purchased from Washum's mother. Phillip's rights in the property, if any, arise out of a deed from his mother, Frances M. Washum, to his father, Virgil A. Washum, dated September 27, 1949. In this deed the following clause appears:

> "There is reserved from this conveyance the right of Phillip Lee Washum, son of the grantor and grantee herein, to have a home in said property until he, Phillip Lee Washum, becomes twenty-one (21) years of age."

The granting and the habendum clauses in the deed refer to the "reservation" to Phillip. The granting clause provides:

> " * * * bargain, sell and convey to the said Virgil A. Washum, his heirs and assigns forever, excepting the reservation hereinafter set forth, * * *"

The habendum clause reads:

> " * * * To have and to hold the same to the said Virgil A. Washum, his heirs and assigns forever, subject to the above reservation, * * *"

On April 30, 1950, Phillip's father reconveyed the property to his mother. No reference was made to the "reservation." Mrs. Washum conveyed the property to the appellees on September 27, 1950, by a general warranty deed.

The trial court held that Phillip took no interest in the property by virtue of the deed in question.

This Court has held consistently that an exception or reservation in a conveyance of real estate must be in favor of the grantor and that an exception or reservation in favor of a stranger to the instrument gives or conveys nothing to him. Sword v. Sword, Ky., 252 S.W.2d 869;

Slone v. Kentucky West Virginia Gas Co., 289 Ky. 623, 159 S.W.2d 993; Allen v. Henson, 186 Ky. 201, 217 S.W. 120. Consequently, Phillip, being a stranger to the instrument, received nothing by virtue of the "reservation."

 Counsel for Phillip argues that Mrs. Washum "excepted" the disputed interest from the conveyance for herself and that it remained her property right. Even if it be conceded that this is correct (which it is not), the subsequent acquisition of the property by her and her conveyance to the appellees by a general warranty deed would be sufficient to preclude her from claiming any interest in the property. Fordson Coal Co. v. Potter's Ex'rs, 237 Ky. 311, 35 S.W.2d 298; Cooper v. Cooper, 212 Ky. 454, 279 S.W. 615.

Judgment affirmed.