**J. Roger CAUDILL and Claude Brown,**
**Appellants,**

**v.**

**The CITIZENS BANK, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

Lewis A. White, Mt. Sterling, Thomas R. Burns, Morehead, for appellants.

E. M. Hogge, Lester Hogge, Morehead, for appellee.

CLAY, Commissioner.

Appellee plaintiff sought and was granted a judgment enjoining appellant defendants from obstructing a private driveway over which the former claimed an easement. The controversy involves the construction of a deed and questions of evidence.

Plaintiff owns a bank on Main Street in the City of Morehead. Immediately to the rear of this property is a driveway generally paralleling Main Street, which extends from Hargis Avenue on the west to an alley on the east (the alley intersects Main Street). Plaintiff claims an easement to use this driveway for its full length from Hargis Avenue to the alley. Defendants deny plaintiff's right to use the Hargis Avenue portion of the driveway.

All of the property facing on Main Street in this area was at one time owned by one Blair. He conducted a business thereon known as the Morehead Lumber Company. This company had constructed and maintained the driveway from Hargis Avenue to the alley.

In 1954 the Blairs conveyed to plaintiff a 50 foot lot on Main Street. The deed contained the following provision:

"Also as a part of the consideration herein the parties of the first part do hereby grant and let unto the party of the second part an easement over the private driveway of the Morehead Lumber Company, to be not less than sixteen feet in width, *and to be located,* and determined as to width, by the parties of the first part, *but located so that the party of the second part,* its successors or assigns, *may have ingress and egress to and from the rear portion of the lot of land hereby con-* veyed to either Hargis Avenue or to the alley leading to Main Street." (Our emphasis)

In 1961 plaintiff erected a bank building on this lot (and an adjoining one which they had acquired from another grantee of the Blairs). Bank customers used both the Hargis Avenue and alley entrances to drive in behind the bank and use its parking lot.

In 1961 the Blairs conveyed to defendants the balance of the Blair property. That deed undertook to define the easement theretofore granted plaintiff (in the 1954 deed) as being 16 feet wide and extending from plaintiff's west property line to the alley. If the easement was properly so restricted it cut off plaintiff's access to Hargis Avenue.

It is defendants' contention that the easement originally granted was an optional one to be determined by the grantors, and that in the deed to them the grantors had elected to limit the easement to the alley approach. This contention is based on the wording in the deed creating the easement, which used the words *"either* Hargis Avenue *or* to the alley". (Our emphasis) It is argued that plaintiff was entitled either to an easement from the rear of their property to Hargis Avenue or to the alley, but not to both.

It is contended by defendants that the language of the deed is free of ambiguity. They maintain that the use of the words "either" and "or" clearly creates alternatives. That is true, but the language must be examined in context to determine if the alternatives are exclusive. The word "either" may be used to designate two alternatives, *both* of which may be utilized. See Webster's New International Dictionary, 2d Ed.; cases cited under the heading "Either" in Vol. 14, Words and Phrases, Perm.Ed., page 179. Similarly the word "or" may be construed as authorizing both of two specified uses. Boland v. Byrne, Mo.App., 145 S.W.2d 755.

It will be observed that these terms in the deed were used to modify "ingress" and "egress", not the word "easement". The language may reasonably be construed as descriptive of the approaches to the driveway rather than limitations on its use. That is exactly what the Missouri court held in the last case above cited.

Coupled with the right of the grantors to determine where the easement is "to be located", the words we have heretofore discussed raise substantial questions as to what the parties actually intended. Considering the fact that a well marked passway was already in existence, the meaning of the term "located" is susceptible of different meanings. It could mean, as defendants contend, that the grantors could fix a new terminus; or as plaintiff contends, that the grantors only had a right to change the course of the passway by shifting the north-south boundaries. We find a rather clear case of ambiguity.

█ Since the language creating the easement is not certain in meaning and is susceptible of different interpretations, it was proper to consider evidence concerning the intent of the parties, their subsequent acts, and the circumstances surrounding the execution of the deed. Sword v. Sword, Ky., 252 S.W.2d 869; 20 Am.Jur., Evidence, section 1147 (page 999).

█ The parties do not raise the question as to whether the ambiguity in the deed is "latent" or "patent". Our more recent cases involving the construction of instruments have likewise ignored this problem. See Swearingen v. McGee, 303 Ky. 825, 198 S.W.2d 805; Sword v. Sword, Ky., 252 S.W.2d 869; Williams v. Williams, Ky., 259 S.W.2d 53; Hammon v. Kentucky Central Life & Accident Ins. Co., Ky., 289 S.W.2d 726. It may be observed the modern tendency is to admit parol evidence even in cases where the uncertainty may be classified as "patent". See 20 Am.Jur., Evidence, section 1146 (page 1009), section 1158 (page 1011) ; Jones, Commentaries on Evidence, 2d Ed., Vol. 4, section 1547 (page 2828) ; Jones on Evidence, 5th Ed., Vol. 2, section 489 (page 943) ; 102 A.L.R. 287. In any event, we deem the uncertainty of the language in this instrument (which may be said to involve both latent and patent ambiguities) to be such that parol evidence was properly admissible as an aid to the proper construction of the language used.

█ There was substantial evidence to support the finding of the Chancellor that plaintiff was granted an easement extending from Hargis Avenue to the alley. It is consistent with a fair interpretation of the language used. It also shows a course of conduct for several years after the granting of the easement (including maintenance and repair) which was consistent with the right claimed by the plaintiff. See Cincinnati, New Orleans & Texas Pac. Ry. Co. v. Barker, Ky., 247 S.W.2d 943.

█ Defendants contend the testimony of certain witnesses with respect to statements made by one of the Blairs, prior to the execution of the deed, was incompetent as hearsay. However, these statements fall within the category of "verbal facts" which constitute one of the many exceptions to the hearsay rule. 20 Am. Jur., Evidence, section 664 (page 557). These statements were not incompetent as hearsay because they were not introduced to prove the truth of what was said. When examining a transaction of this nature, statements made by the parties thereto are admissible if relevant to the establishment of the nature of the transaction. Wells v. Wells, Ky., 346 S.W.2d 33.

It is unnecessary for us to determine whether, assuming the grantors had a right of election to limit the scope of the easement, they had not abandoned that right by failure to exercise it within a reasonable time.

We find no error in the proceedings or the decision of the Chancellor.

The judgment is affirmed.