**S. L. MASSEY, Individually, etc., Appellant,**

**v.**

**CITY OF FRANKLIN, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1964.

------◆------

Joseph R. Rubin, Rubin & Trautwein, Louisville, for appellant.

Roy L. Steers, Forrest A. Dinning, Franklin, for appellee.

DAVIS, Commissioner.

This class action is prosecuted by appellant as a citizen and resident taxpayer of the City of Franklin, in his own behalf and for and on behalf of all other citizens and taxpayers of the city who are similarly situated or affected by the questions presented. CR 23.01. The suit challenges the validity of an undertaking by the city to issue revenue bonds in the sum of $500,-000 for the purpose of acquiring an "industrial building" as defined by KRS 103.-200. The plan is predicated upon the authority prescribed by KRS 103.200 through 103.285.

The lower court entered judgment approving the plan as valid. This appeal presents two questions: (1) whether the cited statutes enable the city to issue its revenue bonds incident to acquiring the already existing facilities (building and equipment) of the Lenk Company, and for the additional purpose of purchasing new expanded facilities of the same company, so that the existing and new facilities will be integrated into one establishment; and (2) whether the proposal contravenes KRS 424.260 which requires advertisement for bids prior to a city's contracting for materials, supplies or equipment having value of more than $1000.

Franklin is a city of the fourth class. KRS 81.010. The appellant does not challenge the validity of KRS 103.200–103.285,

the proposed plan of financing, the general nature of the contract of lease and rent, the options to renew the contract of lease and rent, or the option to purchase. It is conceded that all of the phases of the matter are appropriately performed in accord with the principles enunciated in Faulconer v. City of Danville, 313 Ky. 468, 232 S.W.2d 80; Bennett v. City of Mayfield, Ky., 323 S.W.2d 573; Norvell v. City of Danville, Ky., 355 S.W.2d 689; and Gregory v. City of Lewisport, Ky., 369 S.W.2d 133.

However, it is pointed out for appellant that none of the cited authorities has dealt with the precise question at bar. The question is raised that although KRS 103.210 permits a city to borrow money and issue revenue bonds "* * * for the purpose of defraying the cost of acquiring any industrial building, either by purchase or construction * * *", there is no specific statutory or judicial authority authorizing such financing for existing facilities; neither is there any such authority for a combination transaction, whereby the acquisition is of some existing facilities and some new facilities.

■ We have no difficulty construing KRS 103.210 as expressly permitting acquisition of an industrial building (as defined in KRS 103.200) even though the industrial building is composed of existing facilities coupled with newly built facilities. We are aware that in some instances the usage of "either" with "or" relates to mutually exclusive alternatives, e. g., "either true or false". On the other hand, "either" may mean "each of two", or "the one and the other", e. g., "There is danger on either side". See Webster's Unabridged Dictionary, 2d Ed. At the risk of belaboring the obvious, we observe that in qualifying a self defense instruction in a homicide case, this Court directed the use of the terminology that the danger to the accused must be "either real or apparent". Martin v. Com. Ky., 78 S.W. 1104, 25 Ky.Law Rep.1928. We suppose it could not be argued that if the danger was "real" it could not, there-

fore, be "apparent". There is nothing in the statutory language to suggest that "either by purchase or construction" is meant to make the terms "purchase" and "construction" mutually exclusive. Cf. Caudill v. Citizens Bank, Ky., 383 S.W.2d 350.

Therefore, we hold that the trial court was correct in adjudging the instant project valid insofar as the question of integrating the existing with the newly constructed is concerned.

■ The question of advertisement pursuant to KRS 424.260 has been answered adversely to the appellant's contention in Gregory v. City of Lewisport, Ky., 369 S.W.2d 133. See also the treatment of the related problem in Bennett v. City of Mayfield, Ky., 323 S.W.2d 573. We think it is readily apparent that the spirit of KRS 103.200–103.285 envisions the type of transaction here presented, and that this situation is one of the "special transactions of such character as to make it impractical or unwise to apply the policy of competitive bidding * * *", Bennett v. City of Mayfield, supra, at p. 576.

The judgment is affirmed.