**William J. MANNING et al., Appellants,**

v.

**FISCAL COURT OF JEFFERSON COUNTY, etc., et al., Appellees.**

Court of Appeals of Kentucky.

June 24, 1966.

Rehearing Denied Sept. 23, 1966.

James W. Stites, James W. Stites, Jr., Louisville, for appellants.

E. P. Sawyer, Jefferson County Atty., Marlow Cook, Louisville, Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellees.

CULLEN, Commissioner.

In this action for a declaration of rights the circuit court entered judgment upholding the validity of a resolution of the Jefferson County Fiscal Court providing for the acquisition *by purchase* of an industrial plant, with machinery and equipment, and the leasing of it to a truck equipment company. Revenue bonds in an amount up to $400,000 would be issued to finance the ac- quisition, and the rentals during the original term of the lease would be sufficient to amortize the bonds. The plaintiff in the court below, a truck equipment company that will be in competition with the one to whom the plant is proposed to be leased, is the appellant here.

The unusual feature of the proposal here involved, distinguishing it from the other industrial building revenue bond projects that have been approved by this court, is that the plant proposed to be acquired is owned by, and would be purchased from, the company to which it thereafter would be leased. That company, the Fontaine Equipment Company of Alabama, purchased the site for the plant in 1962. In 1963 its representative had some discussions with members of the Jefferson County Fiscal Court with reference to the prospects of financing the construction and equipping of the proposed new plant through a county revenue bond project. In 1964 the fiscal court adopted the resolution here contested, providing for the acquisition of the plant through issuance of revenue bonds, and the leasing of the plant to Fontaine. Shortly thereafter the instant lawsuit was brought.

The evidence introduced on the hearing of the case showed that during the pending of the suit in circuit court Fontaine had proceeded with the construction and equipping of its plant with private financing. The evidence further showed that the fiscal court had held out no promise or assurance to Fontaine that revenue bonds would be issued to finance the project; that the site was purchased by Fontaine around a year before the fiscal court ever heard of Fontaine; that it appeared that Fontaine would proceed to set up operations in the new plant even if the revenue bond project did not materalize; that "the action of the Fiscal Court really had no influence on his being here;" that the practical effect now, of issuing the revenue bonds, would be simply to substitute public financing for private financing of an existing industrial venture; and that Fontaine will stay in Jefferson

County even if the revenue bonds are not issued.

The circuit court in its judgment found as a fact that the revenue bond resolution "does encourage the increase of industry in this State and County and the financing plan which has been established under this ordinance was instrumental in having the defendant Fontaine Truck Equipment Company, Inc. locate in Jefferson County, Kentucky." The difficulty is that there is no evidence to support that finding. In fact, the evidence is that the financing plan was *not* instrumental in having Fontaine locate in Jefferson County. In a written opinion preceding the entry of judgment the trial judge said:

"* * * Fontaine has come to Louisville, that is proven. What it will do if it is unable to participate in the proposed plan is * * * conjectural. It is equally consistent with the record now before the Court to *assume* that the proposed financing plan did have something to do with their coming here and that it *may have well been* the cause of their locating in Jefferson County." (Our emphasis)

The foregoing opinion cannot be justified in view of the fact that the only evidence in the record was that Fontaine would stay in Jefferson County and operate the plant even without the revenue bond financing, and that the proposed revenue bond financing plan "had no influence on his being here."

Under the evidence we must consider the case as being one in which the county proposes to issue revenue bonds simply to finance the routine continued operations of an existing industrial plant. The objections voiced to this by the appellant are that Fontaine thus would be given a competitive advantage through lower interest costs and through property tax exemptions, with no resulting public benefit.

Our decided cases make it quite clear that public revenue bond projects can be undertaken only for a *public purpose*. See Faul-

coner v. City of Danville, 313 Ky. 468, 232 S.W.2d 80; Chrisman v. Cumberland Coach Lines, Ky., 249 S.W.2d 782; Dyche v. City of London, Ky., 288 S.W.2d 648; Industrial Development Authority v. Eastern Ky. Regional Planning Commission, Ky., 332 S.W.2d 274. Also, the statutes providing for revenue bond projects clearly require the existence of a public purpose. For example, KRS 58.010, which is part of the general "public project" statute, defines a public project as one for public purposes. And KRS 103.210, which is the statute relating specifically to industrial buildings, requires the existence of at least one of four named public purposes, i. e., promotion of reconversion to peacetime economy, relief of conditions of unemployment, aiding in the rehabilitation of returning veterans, and encouraging the increase of industry in this state.

The only public purposes purporting to be served by the project here in issue are relief of unemployment and encouragement of increase of industry. However, there is no evidence that the revenue bonds would cause Fontaine to hire even one person, or to increase in any respect its industrial operations. In fact, the evidence is to the contrary. The two purported public purposes thus are not served.

Of the cases relied upon by the county, the closest in factual situation is Massey v. City of Franklin, Ky., 384 S.W.2d 505. There the bonds were for the purpose of acquiring an existing plant and constructing new expanded facilities. Assuming that the added facilities were of significant proportions, it was reasonably to be anticipated that there would be new employment and increased production, thus creating a community benefit. But in the instant case there is no basis for a finding that the revenue bonds will themselves cause new employment or increased production.

We are forced to the conclusion that the project here proposed will not serve a public purpose, and therefore is not authorized by statute or permitted by constitution. The

resolution should have been declared invalid.

The judgment is reversed with directions to enter judgment in conformity with this opinion.